## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

EMIN GÜN SIRER,

       Plaintiff,

   v.

EMRE AKSOY,

       Defendant.

No. 1:21-cv-22280-BB

## **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

FACTUAL BACKGROUND ...................................................................................................... 2

ARGUMENT ......................................................................................................................... 4

I.     THIS COURT HAS JURISDICTION OVER THE DEFENDANT. ................................... 4

II.    PLAINTIFF STATES A CLAIM FOR DEFAMATION. ...................................................... 6

      A.  Aksoy's Statements Were "Of and Concerning" Dr. Sirer. ............................................ 6

      B.  Aksoy Published the Defamatory Statements. .............................................................. 7

      C.  Aksoy's Statements Concerning Dr. Sirer Were False. ................................................. 7

      D.  Dr. Sirer Is Not a Public Figure and Has Properly Alleged Scienter. ............................ 9

      E.  Dr. Sirer Has Suffered Damages. .................................................................................. 13

      F.  Aksoy's Statements Are Defamatory ........................................................................... 15

III.   AVA LABS IS NOT AN INDISPENSABLE PARTY. ...................................................... 16

CONCLUSION ...................................................................................................................... 18

**TABLE OF AUTHORITIES**

**Cases**

*100 Plus Animal Rescue, Inc. v. Butkus*,
   No. 17-61893-CIV-COOKE/HUNT, 2020 WL 5514404 (S.D. Fla. Aug. 15, 2020)........... 8, 12

*Berisha v. Lawson*,
   378 F. Supp. 3d 1145 (S.D. Fla. 2018), *aff'd,* 973 F.3d 1304 (11th Cir. 2020) ........................ 9

*Bongino v. Daily Beast Co., LLC*,
   477 F. Supp. 3d 1310 (S.D. Fla. 2020) .................................................................................. 11

*Borislow v. Canaccord Genuity Grp. Inc.*,
   No. 14-80134-CIV, 2014 WL 12580259 (S.D. Fla. June 27, 2014)........................................ 11

*Briseus v. JPMorgan Chase Bank, N.A.*,
   No. 18-CV-80671, 2018 WL 3586140 (S.D. Fla. July 26, 2018) (Bloom, J.)............................ 6

*Bruno & Stillman, Inc. v. Globe Newspaper Co.*,
   633 F.2d 583 (1st Cir. 1980)................................................................................................... 10

*BTG Pat. Holdings, LLC v. Bag2Go, GmbH*,
   193 F. Supp. 3d 1310 (S.D. Fla. 2016) .................................................................................... 4

*Burnham v. Superior Ct. of Cal., Cnty. of Marin*,
   495 U.S. 604 (1990)................................................................................................................. 4

*Carroll v. TheStreet.com, Inc.*,
   No. 11-CV-81173, 2014 WL 5474061 (S.D. Fla. July 10, 2014)............................... 6, 7, 13, 15

*Clark v. Fernandina Beach News-Leader, Inc.*,
   No. 93-616-CA, 1994 WL 532980 (Fla. Cir. Ct. June 2, 1994) ............................................... 13

*Clear Skies Nevada, LLC v. Reece*,
   No. 6:15-CV-1987-ORL-31TBS, 2016 WL 11577842 (M.D. Fla. Apr. 15, 2016)................... 5

*Corsi v. Newsmax Media, Inc.*,
   No. 20-CV-81396-RAR, 2021 WL 626855 (S.D. Fla. Feb. 12, 2021).................................... 11

*DeMartini v. Town of Gulf Stream*,
   No. 16-81371-CIV, 2017 WL 6366763 (S.D. Fla. Aug. 9, 2017),
   *aff'd,* 942 F.3d 1277 (11th Cir. 2019) ..................................................................................... 8

*Dibble v. Avrich*,
   No. 14-CIV-61264, 2014 WL 5305468 (S.D. Fla. Oct. 15, 2014) ........................................... 9

*Don King Prods., Inc. v. Walt Disney Co.*,
   40 So. 3d 40 (Fla. Dist. Ct. App. 2010) .................................................................................. 11

ii


*Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*,
   472 U.S. 749 (1985) ................................................................................................ 14

*Durkee v. Durkee*,
   906 So. 2d 1176 (Fla. 4th DCA 2005) .................................................................... 6

*Elhanafi v. Fox Televison Stations, Inc.*,
   37 Misc. 3d 1232(A), 966 N.Y.S.2d 345 (Sup. Ct. 2012) ....................................... 15

*Est. of Faull v. McAfee*,
   No. 6:13-CV-1746-ORL-31KRS, 2016 WL 11234452 (M.D. Fla. Nov. 15, 2016),
   *report and recommendation adopted*, 2017 WL 117312 (M.D. Fla. Jan. 12, 2017) ................. 4

*Five for Ent. S.A. v. Rodriguez*,
   No. 11-24142-CIV, 2013 WL 4433420 (S.D. Fla. Aug. 15, 2013) ........................... 8

*Fla. Med. Ctr., Inc. v. New York Post Co.*,
   568 So. 2d 454 (Fla. Dist. Ct. App. 1990) ...................................................... 12, 13

*From v. Tallahassee Democrat, Inc.*,
   400 So.2d 52 (Fla. 1st DCA 1981) ......................................................................... 7

*Gawker Media, LLC v. Bollea*,
   129 So. 3d 1196 (Fla. Dist. Ct. App. 2014) ........................................................... 12

*Gertz v. Robert Welch, Inc.*,
   418 U.S. 323 (1974) ............................................................................................... 12

*Hunt v. Liberty Lobby*,
   720 F.2d 631 (11th Cir. 1983) ............................................................................... 15

*Hutchinson v. Proxmire*,
   443 U.S. 111 (1979) ........................................................................................... 9, 10

*In re Godfrey*,
   No. 17-21631-CV-COOKE/GOODMAN, 2018 WL 1863749 (S.D. Fla. Feb. 22, 2018),
   *report and recommendation adopted*, 2018 WL 1859344 (S.D. Fla. Mar. 15, 2018) ............... 5

*Jadwin v. Minneapolis Star & Tribune Co.*,
   367 N.W.2d 467 (Minn. 1985) ............................................................................... 10

*Jaramillo v. Naranjo*,
   No. 10-21951-CIV, 2014 WL 4898210 (S.D. Fla. Sept. 30, 2014) ........................... 5

*Kamfar v. New World Rest. Grp., Inc.*,
   347 F. Supp. 2d 38 (S.D.N.Y. 2004) ..................................................................... 10

*Karpinski v. J.W. Hunt Produce Co.*,
   No. 805CIV358T17MAP, 2005 WL 8160179 (M.D. Fla. Apr. 7, 2005) ................................ 17

*Klayman v. Jud. Watch, Inc.*,
   22 F. Supp. 3d 1240 (S.D. Fla. 2014), *aff'd* (Feb. 17, 2015) ....................................... 13, 15, 16

*Klitzner Indus., Inc. v. H.K. James & Co.*,
   96 F.R.D. 614 (E.D. Pa. 1983) ............................................................................................. 17

*Lawnwood Med. Ctr., Inc. v. Sadow*,
   43 So. 3d 710 (Fla. Dist. Ct. App. 2010) ...................................................................... 13, 14

*Loeb v. Geronemus*,
   66 So.2d 241 (Fla. 1953) ...................................................................................................... 15

*Loudo Trailer, Inc. v. Bray Trailers, Inc.*,
   No. 5:07-CV-405-OC-10GRJ, 2008 WL 11336837 (M.D. Fla. Mar. 14, 2008) ....................... 4

*Matonis v. Care Holdings Grp., L.L.C.*,
   423 F. Supp. 3d 1304 (S.D. Fla. 2019) ................................................................................. 16

*Miami Herald Pub. Co. v. Ane*,
   423 So. 2d 376 (Fla. Dist. Ct. App. 1982), *approved*, 458 So. 2d 239 (Fla. 1984) ........... 12, 16

*Michel v. NYP Holdings, Inc.*,
   816 F.3d 686 (11th Cir. 2016) ...................................................................................... 12, 13

*Microsoft Corp. v. Cietdirect.com LLC*,
   No. 08–60668–CIV, 2008 WL 3162535 (S.D. Fla. Aug. 5, 2008) .......................................... 16

*Mile Marker, Inc. v. Petersen Publ'g, L.L.C.*,
   811 So.2d 841 (Fla. Dist. Ct. App. 2002) ............................................................................... 9

*Readon v. WPLG, LLC*,
   317 So. 3d 1229 (Fla. Dist. Ct. App. 2021),
   *review denied*, No. SC21-893, 2021 WL 3523557 (Fla. Aug. 11, 2021) ................................ 12

*Rosenbloom v. Metromedia, Inc.*,
   403 U.S. 29 (1971) ................................................................................................................ 12

*Rubinson v. Rubinson*,
   474 F. Supp. 3d 1270 (S.D. Fla. 2020) ................................................................................. 15

*Saro Corp. v. Waterman Broad. Corp.*,
   595 So. 2d 87 (Fla. 2d DCA 1992) ..................................................................................... 9, 11

*Schafer v. Time, Inc.*,
   142 F.3d 1361 (11th Cir. 1998) ........................................................................................... 13

*Scott v. Busch*,
  907 So. 2d 662 (Fla. Dist. Ct. App. 2005) ................................................................. 8

*Silvester v. Am. Broad. Companies, Inc.*,
  650 F. Supp. 766 (S.D. Fla. 1986), *aff'd,* 839 F.2d 1491 (11th Cir. 1988) ........................... 9, 10

*SPM Thermo-Shield, Inc. v. SICC*,
  No. 2:15-CV-439-FTM-29CM, 2015 WL 7076692 (M.D. Fla. Nov. 13, 2015) .................. 4, 5

*ThermoLife Int'l LLC v. Vital Pharms. Inc.*,
  No. 19-CV-61380-BLOOM/VALLE, 2020 WL 409594 (S.D. Fla. Jan. 24, 2020) .................. 9

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021) .................................................................................................. 15

*Turner v. Wells*,
  198 F. Supp. 3d 1355 (S.D. Fla. 2016), *aff'd,* 879 F.3d 1254 (11th Cir. 2018) ...................... 7

*West Peninsular Title Co. v. Palm Beach County*,
  41 F.3d 1490 (11th Cir.1995) .......................................................................................... 16

*Wolston v. Reader's Dig. Ass'n, Inc.*,
  443 U.S. 157, 99 S. Ct. 2701, 61 L. Ed. 2d 450 (1979) ............................................. 10, 16

**Other Authorities**

5A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane,
  Federal Practice and Procedure § 1359 ................................................................... 16, 18

Fed. R. Civ. P. 4 ................................................................................................................ 4

Plaintiff Emin Gün Sirer respectfully submits this Memorandum of Law in Opposition to Defendant Emre Aksoy's Motion to Dismiss.

## **INTRODUCTION**

This action arises from defamatory statements that Defendant, Emre Aksoy, made in connection with a gross scheme to publicly harm Plaintiff, Dr. Emin Gün Sirer. In February 2021, to cause reputational harm to Dr. Sirer and the company he leads, Aksoy claimed that Dr. Sirer was a member of the Fetullah Terrorist Organization ("FETO"). These statements were not only false and damaging, but they also pose a threat to Dr. Sirer's safety and the safety of his family and loved ones. Aksoy's conduct is reprehensible, and it constitutes defamation.

Although the platforms and channels that Aksoy used to disseminate his defamatory statements are novel, the legal rights that Dr. Sirer seeks to enforce are not. Aksoy's scattershot motion to dismiss fails to articulate the relevant legal standards governing the claims at issue, invents purported pleading deficiencies, and at times is unintelligible. Aksoy's arguments all fail.

*First*, this Court has personal jurisdiction over Aksoy. Dr. Sirer has established a prima facie case for personal jurisdiction because Aksoy was personally served while he was voluntarily present in the district. Under the well-settled law, this service establishes personal jurisdiction and obviates any further jurisdictional analysis. Aksoy's motion fails to even acknowledge this law or these implications, instead proceeding as though he was served some other place or some other way.

*Second*, Dr. Sirer adequately pleads each element of his defamation claim. Defendant published to YouTube and Twitter false statements concerning Dr. Sirer (a private citizen) at least negligently. Even if the higher standard applicable to public officials applied (it does not), Dr. Sirer has adequately alleged that Defendant acted with the requisite knowledge or reckless disregard as to the falsity of the statements. Defendant's statements concerning Dr. Sirer's

alleged affiliation with a known terrorist organization are defamatory because they tend to harm his reputation. Indeed, they constitute defamation *per se*, and thus damages are presumed.

*Third*, Aksoy's argument for dismissal under Rule 19 is meritless. As a matter of law, the federal courts are reluctant to grant motions to dismiss for failure to join a necessary and indispensable party. And as a matter of pleading, Aksoy offers no factual reason—let alone a factual reason sufficient to carry his burden of proof—as to why Ava Labs is a necessary party. The plain fact is that Dr. Sirer's company need not be joined in this action to afford him complete relief, nor does that company have an interest in the subject matter such that it may be prejudiced by its absence from the litigation.

Aksoy's motion to dismiss should be denied in its entirety.

## FACTUAL BACKGROUND

Dr. Sirer is a professor at Cornell University and is one of the pioneers of peer-to-peer digital asset systems. Compl. ¶ 2. He also is the founder and CEO of Ava Labs, a market-leading crypto-asset company that built and launched the Avalanche ecosystem. *Id*. ¶¶ 1, 3, 13. Transactions in the Avalanche ecosystem rely on the use of the AVAX crypto-asset. *Id.* ¶ 3.

Aksoy is a self-described "product marketing expert" and "crypto thought leader." *Id.* ¶ 16. Through his online moniker "Kripto Emre," he maintains an active social media presence through both his YouTube channel (180,000 subscribers) and his Telegram channel (100,000 subscribers). *Id.* ¶¶ 17, 18. Companies pay him to promote the purchase of certain crypto-assets, including projects that compete with Ava Labs, through his YouTube and Telegram audiences. *Id.* ¶¶ 4, 19.

In February 2021, Aksoy posted a YouTube video in which he accused Dr. Sirer of being a member of the Fethullah Terrorist Organization ("FETO"). *Id.* ¶ 20. FETO has been designated a terrorist organization by numerous nations, including Turkey—where Dr. Sirer is from, and

frequently travels to visit his family. *Id.* ¶¶ 6, 20. Aksoy made his defamatory remarks as part of a wide, and deplorable, scheme to depress the price of AVAX in favor of other crypto-assets that he is paid to promote. *Id.* ¶ 24. Indeed, mere days after making the false and defamatory statements described above, he told his YouTube and Telegram followers to "short $AVAX." *Id.*

As Aksoy was well aware, these statements concerning Dr. Sirer's alleged affiliation with FETO are false and highly damaging. Dr. Sirer has never been affiliated with FETO (or any other terrorist organizations), has never communicated with any member of FETO, and does not support FETO, its members, or its efforts. *Id.* ¶¶ 21, 23.

Aksoy's statements also threaten Dr. Sirer's safety and the safety of his family. *Id.* ¶ 22. He is from Turkey and travels there frequently to visit his family. *Id.* The Turkish government has aggressively prosecuted members of FETO and the President of Turkey has publicly urged Turkish citizens to turn in FETO members, even offering rewards. *Id.*

Shortly after Aksoy posted his February 2021 YouTube video, one of the crypto-asset companies Aksoy is paid to promote requested that he remove the video. *Id.* ¶ 25. While he initially complied with the request, days later on February 19, 2021, he caused the same defamatory YouTube clip to be reposted to Twitter. *Id.* ¶ 26. The next day, Dr. Sirer's counsel wrote to Aksoy requesting a public retraction of the false and defamatory statements. *Id.* ¶ 27. Aksoy ignored this request. *Id.* ¶ 28. A month later, on March 17, 2021, he told his Telegram followers that American lawyers had threatened to remove content relating to market manipulation and that it was a "good idea to short AVAX." *Id.* ¶ 29.

<u>**ARGUMENT**</u>

**I.      THIS COURT HAS JURISDICTION OVER THE DEFENDANT.**

This Court has personal jurisdiction over Aksoy because he was personally served while voluntarily visiting Florida. It is black letter law that the federal courts have "general jurisdiction" over persons physically served in the state. Fed. R. Civ. P. 4(e)(2), (k)(1)(A).

The Supreme Court has affirmed this doctrine. *See Burnham v. Superior Ct. of Cal., Cnty. of Marin*, 495 U.S. 604, 610 (1990) (plurality) ("Among the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have jurisdiction over nonresidents who are physically present in the State.").

In short, under Florida law, this "'tag jurisdiction' enables a court to exercise personal jurisdiction over nonresidents when that nonresident is served with process while voluntarily present in the state." *BTG Pat. Holdings, LLC v. Bag2Go, GmbH*, 193 F. Supp. 3d 1310, 1320 (S.D. Fla. 2016).

"As a general rule, Florida courts have personal jurisdiction over [a] nonresident[] when that nonresident is properly served with service of process while voluntarily present in the state." *SPM Thermo-Shield, Inc. v. SICC*, No. 2:15-CV-439-FTM-29CM, 2015 WL 7076692, at *2 (M.D. Fla. Nov. 13, 2015) (quoting *Keveloh v. Carter*, 699 So. 2d 285, 288 (Fla. 5th DCA 1997)); *Est. of Faull v. McAfee*, No. 6:13-CV-1746-ORL-31KRS, 2016 WL 11234452, at *7 (M.D. Fla. Nov. 15, 2016), *report and recommendation adopted*, 2017 WL 117312 (M.D. Fla. Jan. 12, 2017) (same); *Loudo Trailer, Inc. v. Bray Trailers, Inc.*, No. 5:07-CV-405-OC-10GRJ, 2008 WL 11336837, at *2 (M.D. Fla. Mar. 14, 2008) (same). This rule applies, moreover, even when the defendant's "only contact with the forum state is a one-time visit." *BTG Pat. Holdings*, 193 F. Supp. 3d at 1320.

This Court thus acquired personal jurisdiction over Aksoy when he "was personally served (i.e., tagged) at the Miami International Airport." *In re Godfrey*, No. 17-21631-CV-COOKE/GOODMAN, 2018 WL 1863749, at *8 (S.D. Fla. Feb. 22, 2018), *report and recommendation adopted*, 2018 WL 1859344 (S.D. Fla. Mar. 15, 2018); *see* Dkt. No. [10-1] (Affidavit of Service).

The exercise of "tag" jurisdiction complies with due process as a matter of law and does not require analysis beyond the fact of a defendant's physical presence when served. As the Supreme Court explained over thirty years ago, "jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of '*traditional notions of fair play and substantial justice*.'" *Burnham*, 495 U.S. at 619 (emphasis added). Nothing has changed since *Burnham*, and "tag jurisdiction has been recognized to be a sui generis form of jurisdiction that was an exception to 'traditional notions of fair play,' 'minimum contacts analysis,' or the particular requirements of specific versus general jurisdiction." *Jaramillo v. Naranjo*, No. 10-21951-CIV, 2014 WL 4898210, at *3 (S.D. Fla. Sept. 30, 2014). "Simply put, if personal service upon [a defendant] in Florida was 'proper,' the Court possesses personal jurisdiction over him." *Clear Skies Nevada, LLC v. Reece*, No. 6:15-CV-1987-ORL-31TBS, 2016 WL 11577842, at *1 (M.D. Fla. Apr. 15, 2016); *see also SPM Thermo-Shield, Inc.*, 2015 WL 7076692, at *2 (same).

Aksoy's motion to dismiss therefore misses the mark by ignoring the dispositive jurisdictional implications of him being personally served in the district. Having merely "traveled to Miami on vacation," Def. Br. ¶ 37, might be an insufficient contact for a nonresident served abroad, but Mr. Aksoy's contacts are sufficient as a matter of law since he traveled to Miami on vacation, *and then was personally served with the summons shortly after his arrival* at

the Miami airport. *See* Dkt. No. [10-1] (affidavit of service). This "contact" with Dr. Sirer's

process server makes it irrelevant whether he conducted any business in Florida or where the

alleged act occurred. *Durkee v. Durkee*, 906 So. 2d 1176, 1177 (Fla. 4th DCA 2005) ("the United

States Supreme Court held that a state has personal jurisdiction over a nonresident, who is

personally served with process in the state, even if the suit is unrelated to his activities in the

state").

      For these reasons, the Court should deny Aksoy's motion to dismiss for lack of personal

jurisdiction.

## II.      PLAINTIFF STATES A CLAIM FOR DEFAMATION.

      "To state a claim for defamation, a plaintiff must plead the following elements:

'(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the

falsity on a matter concerning a public official, or at least negligently on a matter concerning a

private person; (4) actual damages; and (5) statement must be defamatory.'" *Briseus v.*

*JPMorgan Chase Bank, N.A.*, No. 18-CV-80671-BLOOM/REINHART, 2018 WL 3586140, at

*3 (S.D. Fla. July 26, 2018) (quoting *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla.

2008)). "The defamatory statement must also be 'of and concerning' the plaintiff." *Carroll v.*

*TheStreet.com, Inc.*, No. 11-CV-81173, 2014 WL 5474061, at *9 (S.D. Fla. July 10, 2014)

(quoting *Thomas v. Jacksonville Television, Inc.,* 699 So.2d 800, 804 (Fla. 1st DCA 1997)). Dr.

Sirer adequately pleads each element of a defamation claim.

### A.      Aksoy's Statements Were "Of and Concerning" Dr. Sirer.

      Aksoy does not contest that his "false statements were of and concerning Sirer." Compl.

¶ 32. Nor could he since the defamatory statements referenced Dr. Sirer by his full name,

mentioned his business venture (Avalanche), and concerned his alleged (and non-existent)

affiliation with FETO. *Id.* ¶¶ 20, 23.

**B.     Aksoy Published the Defamatory Statements.**

Aksoy also does not contest publication. Publication requires only "'the dissemination of a false statement to a person other than the defamed person.'" *Carroll*, 2014 WL 5474061, at *9 (quoting *Doe v. Am. Online, Inc.,* 783 So. 2d 1010, 1016 (Fla. 2001) (citation omitted)). Aksoy's many followers watched the false statements he published in a YouTube video that he later reposted to Twitter.[1] Compl. ¶¶ 20, 26.

**C.     Aksoy's Statements Concerning Dr. Sirer Were False.**

Dr. Sirer alleges that Aksoy's statements were false. Compl. ¶ 31. Dr. Sirer has never been affiliated with FETO, has never communicated with any member of FETO, and does not support FETO, its members, or its efforts. *Id.* ¶ 21. Aksoy's motion never contests these basic facts.

Instead, Aksoy makes (at 3) a passing reference to the "pure opinion" doctrine, but he fails to argue that his statements qualify for protection under that standard. In addition, any such argument would have been futile because Aksoy's statements fail to meet the requisite criteria for protection under the pure opinion doctrine.

"A statement is pure opinion, as a matter of law, 'if the speaker states the facts on which he bases his opinion.'" *Turner v. Wells*, 198 F. Supp. 3d 1355, 1365 (S.D. Fla. 2016), *aff'd,* 879 F.3d 1254 (11th Cir. 2018) (quoting *Lipsig v. Ramlawi*, 760 So. 2d 170, 184 (Fla. 3d DCA 2000)); *see also From v. Tallahassee Democrat, Inc.*, 400 So. 2d 52, 57 (Fla. 1st DCA 1981) ("Pure opinion occurs when the defendant makes a comment or opinion based on facts which are

---

[1] https://twitter.com/psiconsulting3/status/1362923814255005698. The false statements Defendant published to Twitter were viewed nearly 100,000 times, retweeted 9 times, and received 254 likes.

set forth in the article or which are otherwise known or available to the reader or listener as a member of the public").

"An important factor in the process of analyzing a comment is determining whether the speaker accurately presented the underlying facts of the situation before making the allegedly defamatory remarks." *100 Plus Animal Rescue, Inc. v. Butkus*, No. 17-61893-CIV-COOKE/HUNT, 2020 WL 5514404, at *8 (S.D. Fla. Aug. 15, 2020) (citation omitted). "The rationale for this protection is that an ill-informed opinion has constitutional value because it competes with better opinions to expose the truth." *DeMartini v. Town of Gulf Stream*, No. 16-81371-CIV-MIDDLEBROOKS, 2017 WL 6366763, at *14 (S.D. Fla. Aug. 9, 2017), *aff'd*, 942 F.3d 1277 (11th Cir. 2019) (quoting *Morse v. Ripken*, 707 So. 2d 921, 922 (Fla. 4th DCA 1998)). "Conversely, as they do not contribute to public debate, there is no constitutional value in false statements of fact." *Id.* (internal quotation marks omitted).

Aksoy's false statements about Dr. Sirer's affiliation with FETO cannot be pure opinion because they are not based on any objective facts set forth in his publications or otherwise known to his viewers. *See, e.g.*, *Scott v. Busch*, 907 So. 2d 662, 668 (Fla. 5th DCA 2005) (reversing and remanding where defendant "did not disclose the factual basis to support her opinion" nor was the factual basis for the statement known to the audience).[2] The Complaint "fairly and plausibly

---

[2] At a minimum, Aksoy's statements are actionable mixed expressions of opinion—which are "'based upon facts regarding a person or his conduct that are neither stated in the publication nor assumed to exist by a party exposed to the communication'" but rather "'the communicator implies that a concealed or undisclosed set of defamatory facts would confirm his opinion.'" *100 Plus Animal Rescue, Inc.*, 2020 WL 5514404, at *8  (quoting *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1379 (S.D. Fla. 2006)); *see Five for Ent. S.A. v. Rodriguez*, No. 11-24142-CIV, 2013 WL 4433420, at *9 (S.D. Fla. Aug. 15, 2013) (statements were "actionable mixed expressions of fact and opinion" where there were "no facts set forth" in the publication that would support the statements at issue); *see also ThermoLife Int'l LLC v. Vital Pharms. Inc.*, No. 19-CV-61380-BLOOM/VALLE, 2020 WL 409594, at *5 (S.D. Fla. Jan. 24,

alleges" that Aksoy's statements are capable of being interpreted as false facts. *Dibble v. Avrich*, No. 14-CIV-61264, 2014 WL 5305468, at *4 (S.D. Fla. Oct. 15, 2014) (denying motion to dismiss where the Court was "not willing to say, as a matter of law, that Defendant's insults are incapable of being interpreted as false facts" because "[w]hether it is true requires the Court to consider a factual context for the parties to address and develop in discovery") (Bloom, J.).

### D.     Dr. Sirer Is Not a Public Figure and Has Properly Alleged Scienter.

Aksoy argues (at 2) that Dr. Sirer "should be considered a public person for the purposes of this action."[3] He is wrong. Public figure status is a question of law to be determined by the Court by reference to two fundamental criteria. *See Mile Marker, Inc. v. Petersen Publ'g, L.L.C.*, 811 So. 2d 841, 845 (Fla. 4th DCA 2002). "First, public figures usually have greater access to the media which gives them a more realistic opportunity to counteract false statements than private individuals normally enjoy. Second, public figures voluntarily expose themselves to increased risk of injury from defamatory falsehoods concerning them." *Berisha v. Lawson*, 378 F. Supp. 3d 1145, 1157 (S.D. Fla. 2018), *aff'd,* 973 F.3d 1304 (11th Cir. 2020) (internal citations and quotation marks omitted).[4] Neither of these circumstances obtain here.

---

2020) (whether alleged libelous statements were true or non-actionable opinions was "not suitable for disposition" on a motion to dismiss).

[3] The case Aksoy cites here does not support his argument, because the court found the plaintiff to be a "private claimant" who had not "thrust itself into the controversy as a central figure and brought attention upon itself." *Saro Corp. v. Waterman Broad. Corp.*, 595 So. 2d 87, 89 (Fla. 2d DCA 1992). The same result should obtain here.

[4] Aksoy does not argue that Dr. Sirer is a limited purpose public figure—let alone identify any particular public controversy that could render Dr. Sirer a limited purpose public figure. Such an argument would lack merit even if advanced because Dr. Sirer has not "voluntarily inject[ed] himself" into nor has he been "drawn into any particular public controversy." *Silvester v. Am. Broad. Cos., Inc.*, 650 F. Supp. 766, 773 (S.D. Fla. 1986), *aff'd,* 839 F.2d 1491 (11th Cir. 1988) (quoting *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 351 (1974)). Nor could Aksoy's false statements render Dr. Sirer a public figure. *Hutchinson v.*

Dr. Sirer, a founder of a crypto-asset company and an Associate Professor of Computer Science at Cornell University, Compl. ¶¶ 1–2, neither enjoys greater access to the media than a typical private citizen nor has he voluntarily exposed himself to increased risk of injury from defamatory falsehoods. Aksoy offers no evidence to the contrary besides a conclusory assertion that Dr. Sirer "should be considered a public person."[5] Although Dr. Sirer is an accomplished academic well-known for his ventures in the crypto-asset industry, such facts alone are insufficient to invoke the public figure doctrine. *See, e.g.*, *Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 592 (1st Cir. 1980) (refusing to declare "all reasonably successful manufacturers and merchants (and professionals) to be, without more, 'public figures' in their community"); *Jadwin v. Minneapolis Star & Tribune Co.*, 367 N.W.2d 467, 486 (Minn. 1985) (holding that an individual's solicitation of media attention to his business enterprises did not make him a public figure); *see also Kamfar v. New World Rest. Grp., Inc.*, 347 F. Supp. 2d 38, 47 n.41 (S.D.N.Y. 2004) (the "limited attention [plaintiff] received as a successful entrepreneur . . . does not place him within the ambit of [the limited purpose public figure] doctrine).

By contrast, public figures have assumed a role of "especial prominence in the affairs of society," *Hutchinson*, 443 U.S. at 134  (quoting *Gertz*, 418 U.S. at 345), or obtained "pervasive fame or notoriety," *Silvester*, 650 F. Supp. at 773. The courts have required much more than a CEO role and a professorship at a college to apply the higher standard applicable to public

---

*Proxmire*, 443 U.S. 111, 135 (1979) ("those charged with defamation cannot, by their own conduct, create their own defense by making the claimant a public figure").

[5] Even if Aksoy did argue that Dr. Sirer has somehow attracted media attention, "the simple fact that the[] events attracted media attention also is not conclusive of the public-figure issue. A private individual is not automatically transformed into a public figure just by becoming involved in or associated with a matter that attracts public attention." *Wolston v. Reader's Dig. Ass'n, Inc.*, 443 U.S. 157, 167 (1979).

figures. *See, e.g.*, *Bongino v. Daily Beast Co., LLC*, 477 F. Supp. 3d 1310, 1314 (S.D. Fla. 2020) (a "former Secret Service member," self-described "outspoken supporter of President Donald Trump," who "hosts a podcast, appears on Fox News, writes books, and has more than 1,500,000 followers on social media" was a public figure); *Borislow v. Canaccord Genuity Grp. Inc.*, No. 14-80134-CIV-RYSKAMP/HOPKINS, 2014 WL 12580259, at *2 (S.D. Fla. June 27, 2014) (complaint itself demonstrated that plaintiff was a public figure by alleging that he "took a company through a public offering to a valuation of $2 billion," "'revolutionized' long-distance service for 'millions of America Online customers," had a "prominent role in the business community," and had been the subject of "extensive media coverage"); *see Corsi v. Newsmax Media, Inc.*, No. 20-CV-81396-RAR, 2021 WL 626855, at *7 (S.D. Fla. Feb. 12, 2021) ("New York Times bestselling author and political commentator" was a public figure).

Because Dr. Sirer is not a public figure, he must allege that Defendant acted only negligently in making the false statements. Dr. Sirer meets this standard since he alleges that Aksoy "made the false statements either knowing that the statements were false or with reckless disregard for the truth." Compl. ¶ 33; *see also id.* ¶ 36 (Defendant's "conduct was willful, malicious, and oppressive."); *Don King Prods., Inc. v. Walt Disney Co.*, 40 So. 3d 40, 43 (Fla. 4th DCA 2010) (defining actual malice "as knowledge that the statement was false or reckless disregard of whether it was false or not." (quoting *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964))). At minimum, Dr. Sirer's allegations raise an issue of fact for the jury. *See Saro Corp. v. Waterman Broad. Corp.*, 595 So. 2d 87, 89 (Fla. Dist. Ct. App. 1992) ("negligence [is a] jury question[]").

Even if the heightened standard applicable to public figures[6] did apply here (it does not), Dr. Sirer has adequately pled "facts sufficient to give rise to a reasonable inference of actual malice." *Readon v. WPLG, LLC*, 317 So. 3d 1229, 1235 (Fla. 3d DCA 2021), *review denied,* No. SC21-893, 2021 WL 3523557 (Fla. Aug. 11, 2021) (citing *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 701-02 (11th Cir. 2016)); *see* Compl. ¶ 33. "'[R]ecklessness may be found where there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports.'" *Michel*, 816 F.3d at 703 (quoting *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968)). That is the case here, where (1) there is absolutely no truth to the assertion that Dr. Sirer is affiliated with *any* terrorist organizations, and (2) Aksoy's statements concerning Dr. Sirer's affiliation with FETO were part of a gross scheme to depress the price of AVAX in favor of other crypto-assets he is paid to promote. Compl. ¶ 24.

---

[6] Defendant states (at 3) the standard for what is a public concern under the First Amendment but fails to explain its relevance here. That is likely because Defendant's cited case, *Rosenbloom v. Metromedia, Inc.*, 403 U.S. 29 (1971) —which concerned a "media defendant," unlike here—was abrogated by *Gertz*, 418 U.S. at 323, which held that a newspaper or broadcaster publishing defamatory falsehoods about an individual who was neither a public official nor a public figure—like Dr. Sirer—may not claim a constitutional privilege against liability on the ground of a privilege protecting discussion of "any public issue." *See Miami Herald Pub. Co. v. Ane*, 423 So. 2d 376, 382 (Fla. 3d DCA 1982), *approved,* 458 So. 2d 239 (Fla. 1984) ("a showing of *New York Times* 'actual malice' is never required where, as here, the defamation plaintiff is a private individual and not a public official or public figure"). Defendant's only other cited case on the topic of "statements of public concern" did not involve a defamation claim at all. Def. Br. ¶ 7 (citing *Gawker Media, LLC v. Bollea*, 129 So. 3d 1196, 1200 (Fla. Dist. Ct. App. 2014)).

Defendant moreover does not identify any issue of public concern in this case. Nor could he identify any relevant issue in this case that is "of general interest and of value and concern to the public." *Cf. 100 Plus Animal Rescue, Inc.*, 2020 WL 5514404, at *5 ("Issues of legitimate public concern include 'all matters of corruption.'"); *Fla. Med. Ctr., Inc. v. New York Post Co.*, 568 So. 2d 454, 458 (Fla. 4th DCA 1990) ("medical costs and insurance are a subject of public concern").

Moreover, Aksoy has ignored requests to remove from his Twitter the false and defamatory statements that are continuing to cause not only reputational damage to Dr. Sirer but also potential harm to the safety of him and his family. Compl. ¶¶ 27–28. After having been alerted to the falsity of his statements, Aksoy continued to "purposefully avoid[] further investigation with the intent to avoid the truth." *See Michel,* 816 F.3d at 703; *Schafer v. Time, Inc.*, 142 F.3d 1361, 1370 n.8 (11th Cir. 1998) ("a number of courts have discussed a refusal to retract or a defendant's publication of a retraction in bad faith as evidence of actual malice") (citations omitted); *Clark v. Fernandina Beach News-Leader, Inc.*, No. 93-616-CA, 1994 WL 532980, at *6 (Fla. Cir. Ct. June 2, 1994) (a "full retraction" may tend "to negate any inferences of actual malice"). Indeed, in the case Defendant cites (at 3) in purported support of his argument that Dr. Sirer must demonstrate actual malice, the court found that the appellant's complaint, filed after "failing to obtain a retraction," stated a cause of action for libel and adequately alleged actual malice. *Fla. Med. Ctr.*, 568 So. 2d at 456.

### E.    Dr. Sirer Has Suffered Damages.

"Under Florida law a plaintiff need not prove actual damages to maintain a claim for defamation." *Carroll,* 2014 WL 5474061, at *15 (denying defendant's motion for summary judgment on the ground that plaintiff could not prove actual damages). "As 'it is often difficult for a plaintiff to prove actual damages,' courts and juries have historically presumed some level of damage from defamatory publications." *Klayman v. Jud. Watch, Inc.*, 22 F. Supp. 3d 1240, 1253 (S.D. Fla. 2014), *aff'd* (Feb. 17, 2015) (quoting *Krauser v. Evollution IP Holdings, Inc.,* No. 12–80977–CIV, 2013 WL 5313403, at *9 (S.D. Fla. Sept. 20, 2013) (citations omitted)).

Moreover, Florida has "singled out defamation per se for special rules in civil tort litigation." *Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So. 3d 710, 727 (Fla. 4th DCA 2010).

13

Because Defendant's false statements constitute defamation per se, *see infra* Section II.F, "the law presumes malice in their utterance." *Sadow*, 43 So. 3d at 727. For defamation per se, "liability itself creates a conclusive legal presumption of loss and damage and is alone sufficient for the jury to consider punitive damages." *Id.* at 729; *see also id.* at 727 n.26 ("proof of liability for defamation per se—especially when based as here on a specific finding that the defamer acted with specific intent to injure the plaintiff—is alone sufficient for the jury to consider punitive damages and that plaintiff need not show any proof of monetary loss").

Save for a passing reference (at 4) to the standard for pleading punitive damages under Florida law, Aksoy's brief is devoid of any argument as to why Dr. Sirer has not sufficiently pled his entitlement to punitive damages. Even had Aksoy attempted to challenge Dr. Sirer's entitlement to punitive damages, such challenge would fail. As discussed above, because Dr. Sirer is not a public figure and the statements at issue do not involve matters of public concern, he need not show "actual malice" as a prerequisite for punitive damages against Aksoy. *See Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 763 (1985); *see supra* at n.6.

And even if he were required to plead actual malice, the allegations in the complaint plainly meet that bar. Aksoy publicly accused Dr. Sirer of being associated with a terrorist organization and later caused those statements to be republished after he was privately asked to take the social media posts down. As a citizen of Turkey, Aksoy certainly knew that the false statements would not only cause reputational harm, but also pose a potential safety threat to Dr. Sirer and his family. Compl. ¶¶ 22, 27. Aksoy disregarded this harm to Dr. Sirer because his conduct was part of a gross scheme to depress the price of AVAX in favor of other crypto-assets he was paid to promote. *Id.* ¶ 24. These allegations comprise the "ill will, hostility or [] evil intention to defame and injure" sufficient to support an award of punitive damages. *Hunt v.*

*Liberty Lobby*, 720 F.2d 631, 650 (11th Cir. 1983); *see also Loeb v. Geronemus,* 66 So.2d 241 (Fla. 1953) (express malice found where defendants said plaintiff was guilty of evil conduct, was of low moral character, was a disgrace, a troublemaker, was not respectable, and had been compelled to leave Chicago).

      **F.**      **Aksoy's Statements Are Defamatory.**

      "In Florida, a defamatory statement is one 'that tends to harm the reputation of another by lowering him or her in the estimation of the community or, more broadly stated, one that exposes a plaintiff to hatred, ridicule, or contempt or injures his business or reputation or occupation.'" *Carroll*, 2014 WL 5474061, at *16 (quoting *Rapp*, 997 So. 2d at 1109). When a statement "'(1) charges that a person has committed an infamous crime; (2) tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (3) tends to injure one in his trade or profession,'" it is defamation *per se*. *Rubinson v. Rubinson*, 474 F. Supp. 3d 1270, 1274 (S.D. Fla. 2020) (quoting *Alan v. Wells Fargo Bank, N.A.*, 604 F. App'x 863, 865 (11th Cir. 2015)). *"Per se* defamatory statements are 'so obviously defamatory' and 'damaging to [one's] reputation' that they 'give[ ] rise to an absolute presumption both of malice and damage.'" *Klayman*, 22 F. Supp. 3d at 1247 (quoting *Wolfson v. Kirk,* 273 So.2d 774, 776 (Fla. 4th DCA 1973)).

      Aksoy's false statements concerning Dr. Sirer's terrorist affiliation "constitute defamation *per se* because they impugn the basic integrity, creditworthiness and/or competence of Sirer." Compl. ¶ 35; *see Elhanafi v. Fox Televison Stations, Inc.*, 37 Misc. 3d 1232(A), 966 N.Y.S.2d 345, 2012 WL 6569341, at *5 (N.Y. Sup. Ct. 2012) ("a jury can find that the subject news story, with its juxtaposition of aural and visual imagery, creates the portrayal of plaintiffs as Middle Eastern terrorists"); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2209 (2021) (harm associated with labeling individuals as potential terrorists in credit reports has a "close relationship" to the harm associated with the tort of defamation); *see also Matonis v. Care*

*Holdings Grp., L.L.C.*, 423 F. Supp. 3d 1304, 1315 (S.D. Fla. 2019) (allegations that false statements caused harm through the "diminished economic value" of the goodwill and reputation that plaintiff had built in her career were sufficient to state a claim for defamation *per se*); *Wolfson,* 273 So. 2d at 778 (Fla. 4th DCA 1973) (concluding defamatory statement was actionable *per se* because it characterized plaintiff, a financier/businessman, as a "person with whom commercial relations were undesirable," and as such, was incompatible with plaintiff's ability to conduct a lawful business).[7]

**III.    AVA LABS IS NOT AN INDISPENSABLE PARTY.**

Ava Labs is not an indispensable party and Aksoy has failed to meet the high bar for dismissal under this standard because his argument is conclusory. *Microsoft Corp. v. Cietdirect.com LLC,* No. 08–60668–CIV, 2008 WL 3162535, at *5 (S.D. Fla. Aug. 5, 2008) ("With respect to motions to dismiss pursuant to Rule 12(b)(7), the courts are loathe to grant motions to dismiss of this type." (internal quotations omitted)). The party moving for dismissal of the case bears the burden of proof. *West Peninsular Title Co. v. Palm Beach Cnty.*, 41 F.3d 1490, 1492 (11th Cir. 1995) (citing 5A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 1359).

---

[7] At a minimum, whether Aksoy's false statements impute to Dr. Sirer "conduct, characteristics or a condition incompatible with the proper conduct of his business, trade, profession or office" is a question that should be submitted to the jury. *Klayman*, 22 F. Supp. 3d at 1250 (quoting *Belli v. Orlando Daily Newspapers, Inc.*, 389 F.2d 579, 581 (5th Cir. 1967)); *see also Miami Herald Pub.*, 423 So. 2d at 389 ("the law is well-settled that where a publication is susceptible of two reasonable interpretations, one of which is defamatory, the issue of whether the publication was defamatory becomes one of fact and must be submitted to a jury, as here, for a fact-finding determination").

Aksoy offers no factual argument as to why Ava Labs—the company of which Dr. Sirer is the founder and CEO—is a necessary party here. On this basis alone, he has failed to meet his burden.

As to the relevant factors, moreover, Ava Labs need not be joined to this litigation for the Court to afford complete relief to Dr. Sirer for harm arising from Aksoy's defamatory statements. Aksoy did not accuse Ava Labs of being a "terrorist organization" and Ava Labs does not have an interest in this subject matter such that it may be prejudiced by its absence from the litigation. *See, e.g.*, *Karpinski v. J.W. Hunt Produce Co.*, No. 8:05-CIV-358-T-17-MAP, 2005 WL 8160179, at *3 (M.D. Fla. Apr. 7, 2005) ("[D]efendants failed to set forth specifically how these individuals are indispensable, especially in light of the cases which state that alleging that an individual is an officer or director or shareholder of a corporation is not generally sufficient to render that individual a necessary or indispensable party to an action involving the corporation under Rule 19." (internal quotation marks omitted))); *Klitzner Indus., Inc. v. H.K. James & Co.*, 96 F.R.D. 614, 616 (E.D. Pa. 1983) ("Plaintiff's allegation that the joinder of the named individuals is necessary 'to insure that plaintiff can obtain full relief' from the violations alleged in its complaint merely paraphrases Rule 19(a)(1) and does not set forth any basis upon which the Court could determine that complete injunctive and monetary relief could not be obtained from the defendant [] in the event of a judgment for the plaintiff in this action.").

Ava Labs is not a necessary party and Aksoy's motion should be denied on these grounds. Even if Ava Labs were a necessary party, the appropriate remedy would be to order the joinder of the company (and Defendant offers no reason why that cannot be done) rather than to

dismiss the action. *See* Def. Br. ¶ 17 ("If the [C]ourt concludes that the Plaintiff[']s company is a necessary party under Rule 19(a)(1), then it must order its joinder, if feasible.").[8]

## **CONCLUSION**

Plaintiff respectfully submits, for the foregoing reasons, that the Court should deny Defendant's motion to dismiss in its entirety. In the alternative, Dr. Sirer respectfully requests leave to replead.

Dated: September 17, 2021                    Respectfully submitted,

*/s/ Devin (Velvel) Freedman*
Devin (Velvel) Freedman, Esq.
ROCHE FREEDMAN LLP
Fla. Bar ID # 99762
1 SE 3rd Ave., Suite 1240
Miami, Florida 33131
Tel: (305) 306-9211
Email: vel@rochefreedman.com

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
Joseph Delich, Esq.
*Admitted Pro Hac Vice*
99 Park Ave., Suite 1910
New York, New York 10016
Tel: (646) 970-7509
Email: kyle@rochefreedman.com
Email: jdelich@rochefreedman.com

*Counsel for Plaintiff, Emin Gün Sirer*

---

[8] Even if the Court were to find that joinder is not feasible and dismissal is required under Rule 19(b), the suitable remedy is dismissal without prejudice. *Wright & Miller*, s. 1359 ("A dismissal under Rule 12(b)(7) is not considered to be on the merits and is without prejudice.").

## CERTIFICATE OF SERVICE

I, Devin (Velvel) Freedman, certify that on September 17, 2021, a true and correct

copy hereof has been furnished by ECF to the following counsel:


ROOK ELIZABETH RINGER, ESQ.        GAUTIER KITCHEN, ESQ.
Florida Bar No. 1015698                     Florida Bar No.: 0689793
LENTO LAW GROUP, P.A.                  THE KITCHEN LAW FIRM
222 San Marco Ave., Ste. "C"St.            103 N. Meridian Street
Augustine, FL 32084                        Tallahassee, Florida 32301
904.602.9400 (Office)                      Telephone: (850) 329-6715
904.299.5400 (Fax)                         gautier@kitchen-law.com
reringer@lentolawgroup.com                 juditch@kitchen-law.com
*Attorney for Defendant*                   *Attorney for Defendant*



                    */s/ Devin (Velvel) Freedman*
                    Devin (Velvel) Freedman