**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-22280-BLOOM/Otazo-Reyes**

EMIN GÜN SIRER,

    Plaintiff,

v.

EMRE AKSOY,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Emre Aksoy's ("Defendant" or "Aksoy") Motion to Dismiss for Failure to State a Claim, Lack of Standing, and Jurisdictional Issues, ECF No. [16] ("Motion"). Plaintiff Emin Gün Sirer ("Plaintiff" or "Sirer") filed a Response, ECF No. [22], and the Defendant did not file a Reply. The Court has carefully considered the Motion and Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

    **I.**    **BACKGROUND**

This case involves a claim for defamation arising from statements allegedly made by Aksoy on social media accusing Plaintiff of being a member of a terrorist organization. Plaintiff is the founder and CEO of Ava Labs, which built and launched a blockchain-based and open-source platform, known as Avalanche, for launching decentralized applications. ECF No. [1] at ¶¶ 13-14. Transactions in Avalanche rely on a crypto-asset called AVAX, which can be bought and sold on various crypto-asset exchanges. *Id*. ¶¶ 14-15. According to the Complaint, Defendant is a "product marketing expert" and "crypto thought leader," who maintains an active social media presence

through YouTube and Telegram channels. *Id.* ¶¶ 16-17. Defendant also is paid by issuers of some of the crypto-assets he promotes. *Id.* ¶ 19. Plaintiff is alleged to be a citizen of New York, while Defendant is alleged to be a citizen of Turkey. *Id.* ¶ 10. In addition, Plaintiff alleges that personal jurisdiction over Defendant is proper because "he has purposefully availed himself of the benefits of conducting business in Florida." *Id.* ¶ 12.

In the Motion, Defendant seeks dismissal of the Complaint for failure to state a claim, failure to satisfy a condition precedent, failure to join an indispensable party, and lack of personal jurisdiction.

## II.     LEGAL STANDARD

### A. Failure to state a claim

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor

of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

### B. Failure to join an indispensable party

Dismissal of an action pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, for failure to join a party under Rule 19, is a "two-step inquiry." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279 (11th Cir. 2003); *N.H. Ins. Co. v. Cincinnati Ins. Co.*, No. 14-0099-CG-N, 2014 WL 3428911, at *2 (S.D. Ala. July 15, 2014).

"First, a court must decide whether an absent party is required in the case under Rule 19(a)." *Int'l Importers, Inc. v. Int'l Spirits & Wines*, LLC, No. 10-61856-CIV, 2011 WL 7807548, at *8 (S.D. Fla. July 26, 2011) (citing *Molinos Valle Del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011)). If a court determines that an absent party does satisfy the Rule 19(a) criteria, i.e., that the party is a required party, the court must order that party joined if its joinder is feasible. *See* Fed. R. Civ. P. 19(a)(2); *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 842 F. Supp. 2d 1360, 1365-66 (N.D. Ga. 2012). If the absent party is not required, the litigation continues as is. *See, e.g.*, *Devs. Sur. & Indem. Co. v. Harding Vill., Ltd.*, No. 06-21267-CIV, 2007 WL 465519, at *2 (S.D. Fla. Feb. 9, 2007).

If the party is required and joinder is not feasible, the district court moves to the second inquiry; that is, whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Raimbeault v. Accurate Mach. & Tool, LLC*, 302 F.R.D. 675, 683 (S.D. Fla. 2014) (citing Fed. R. Civ. P. 19(b); and *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982)).

### C.  Personal jurisdiction

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a *prima facie* case of personal jurisdiction. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). The district court must accept the facts alleged in the complaint as true to the extent they are uncontroverted by the defendant's affidavits. *S & Davis Int'l, Inc. v. Republic of Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000).

"Once the plaintiff pleads sufficient material facts to form a basis for *in personam* jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings." *Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1388 (S.D. Fla. 2014), *aff'd sub nom. Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201 (11th Cir. 2015). A defendant challenging personal jurisdiction must present evidence to counter the plaintiff's allegations. *Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). "Where . . . the Defendant submits affidavit(s) to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *see also Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009); *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990).

"A plaintiff suing a nonresident defendant bears both the initial burden of alleging a prima facie case of personal jurisdiction and, if that jurisdiction is challenged, the ultimate burden of establishing that its exercise is proper." *Dollar Rent a Car, Inc. v. Westover Car Rental, LLC*, No. 2:16-cv-363-FtM-29CM, 2017 WL 5495126, at *2 (M.D. Fla. Nov. 16, 2017) (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013); *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009).

### III.  DISCUSSION

Because the Court must have personal jurisdiction over Defendant to reach the merits of Plaintiff's claim against him, the Court considers the arguments with respect to personal jurisdiction first.

#### A. The Court has personal jurisdiction over Defendant

Defendant argues that the Court lacks personal jurisdiction in this case because Defendant is a citizen of Turkey, and contrary to the allegations in the Complaint, he does not conduct business in the state of Florida, nor did the alleged act of defamation occur within Florida.[1] As a result, Defendant argues that Plaintiff fails to satisfy the requirements of the long-arm statute or due process. In response, Plaintiff argues that the Court has personal jurisdiction over Defendant because he was personally served with process while voluntarily visiting Florida on vacation. Upon review, the Court agrees with Plaintiff.

Rule 4 of the Federal Rules of Civil Procedure provides that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant [] who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]" Fed. R. Civ. P. 4(k)(1)(A). "As a general rule, Florida courts have personal jurisdiction over

---

[1] In support of his argument, Defendant has submitted his Affidavit, ECF No. [16-1], denying any interest in property in Florida, or that he has engaged in business in Florida.

5

nonresidents when that nonresident is properly served with service of process while voluntarily present in the state. *Keveloh v. Carter*, 699 So. 2d 285, 288 (Fla. 5th DCA 1997) (citing *Burnham v. Superior Court of Cal.*, 495 U.S. 604, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990) and *Garrett v. Garrett*, 668 So. 2d 991, 994 (Fla. 1996) (Wells, J. concurring)).

Here, the record indicates that Defendant was personally served with process at Miami International Airport, *see* ECF No. [10-1]. While Defendant asserts that he had traveled to Miami on vacation, he has not challenged the validity of the service effectuated upon him. As a result, the Court need not determine whether he conducted business in Florida or otherwise satisfies the requirements of Florida's long-arm statute. *See Pota v. Holtz*, 852 So. 2d 379, 381 (Fla. 3d DCA 2003) (where personal service acknowledged and not challenged, "failure to comply with Florida's long-arm statute requirements . . . is therefore irrelevant.").

To the extent that Defendant argues that the exercise of personal jurisdiction would violate due process, the argument is not well-taken. Indeed, in *Burnham*, the Supreme Court stated that the exercise of "jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of 'traditional notions of fair play and substantial justice.'" 495 U.S. at 619 (quotations omitted). Defendant has provided no authority to support a contrary finding in this case, especially where he has not disputed the validity of the process served upon him. Therefore, the Court concludes that it has personal jurisdiction over the Defendant.

**B. The Complaint states a valid claim for defamation**

Defendant argues next that Plaintiff fails to state a claim for defamation because "[t]he single count complaint only purports fiat towards the veracity of the claims that it makes and provides inadequate conclusory statements to support a claim for damages." ECF No. [16] ¶ 9. In

6

addition, Defendant contends that the Complaint fails to allege "any quantifiable damages and or injury without any rational nexus between the alleged injury in connection with the speech of the Defendant[.]" *Id*. ¶ 11. Defendant's arguments lack merit.

Defamation, which includes libel and slander, "may generally be defined as the unprivileged publication of false statements which naturally and proximately result in injury to another." *Byrd v. Hustler Mag., Inc.*, 433 So. 2d 593, 595 (Fla. 4th DCA 1983) (quoting *Wolfson v. Kirk*, 273 So. 2d 774, 776 (Fla. 4th DCA 1973)). To state a claim for defamation, a plaintiff must plead the following elements: "(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008) (citing Restatement (Second) of Torts §§ 558B, 580A-580B).

The only part of Plaintiff's claim that Defendant appears to challenge is the element of damages, including punitive damages.[2] However, in the Complaint, Plaintiff alleges that Defendant posted a video on his YouTube channel accusing Plaintiff of being a member of an organization designated as a terrorist organization by numerous countries, including Turkey, which

---

[2] Defendant also appears to argue that the Court should consider Plaintiff to be a public person with respect to whom the false comments must be made with knowledge or reckless disregard as to falsity. "'[P]ublic officials' generally are persons occupying upper level political or administrative positions who "affect[ ] government conduct, exercise[ ] independent authority, supervise[ ] lower level employees, and appear[ ] influential to the general public." *Wilkinson v. Fla. Adult Care Ass'n, Inc.*, 450 So. 2d 1168, 1172 (Fla. 2d DCA 1984). Florida recognizes two general types of public figures in addition – general and limited. "General public figures are individuals who, by reason of fame or notoriety in a community, will in all cases be required to prove actual malice. Limited public figures, on the other hand, are individuals who have thrust themselves forward in a particular public controversy and are therefore required to prove actual malice only in regard to certain issues." *Saro Corp. v. Waterman Broadcasting Corp.*, 595 So. 2d 87, 89 (Fla. 2d DCA 1992). Defendant cites no authority, nor does he point to any allegations in the Complaint that would lead the Court to reach the conclusion that Plaintiff is a public figure. In any event, Plaintiff has properly pleaded that Defendant made the allegedly false statements knowing that they would cause substantial harm to Plaintiff. ECF No. [1] ¶ 23.

he later reposted to Twitter. ECF No. [1] ¶¶ 20, 26. Plaintiff alleges further that Defendant made the remarks as part of a scheme to depress the price of AVAX in favor of the crypto-assets he promotes. *Id*. ¶ 24. Plaintiff alleges that his reputation has been harmed by Defendant's statements, and that they pose a threat to Plaintiff's and his family's safety. *Id*. ¶¶ 5, 21-22. Plaintiff need not allege more.

Defendant argues further that because the Complaint does not refer to common law or express malice, Plaintiff's request for punitive damages is insufficient. "It is well-established that regardless of the status of the plaintiff, presumed and punitive damages in a defamation action are recoverable only if liability is based on proof of actual malice, i.e. knowledge of falsity or reckless disregard for the truth." *Carroll v. TheStreet.com, Inc.*, No. 11-CV-81173-RYSKAMP/VITUNAC, 2012 WL 13134547, at *4 (S.D. Fla. May 25, 2012) (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974)). Contrary to Defendant's assertion, the Complaint need not specifically mention common law or express malice in order to plausibly allege that the statements made by him were published with actual malice. Indeed, the Complaint alleges Defendant was aware, when he published his YouTube video in which he made the statements, that those statements were false, and that he knew that they would cause substantial harm to Plaintiff. ECF No. [1] ¶ 23. Taken as true, this allegation is sufficient to plausibly state that Defendant acted with actual malice.

**C. Defendant is not a media defendant entitled to pre-suit notice**

Defendant argues that Plaintiff failed to provide him with the requisite pre-suit notice under Florida Statutes section 770.01, because the Defendant is a "media defendant." The Florida Statutes provide that "[b]efore any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days

before instituting such actions, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory." Fla. Stat. § 770.01. Specifically, Defendant asserts that his use of various internet platforms to disseminate information and receive real-time revision and feedback qualifies him as a "media defendant." In general, "media defendants are those individuals 'engaged in the dissemination of news and information through the news and broadcast media[.]'" *Five for Ent. S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1327 (S.D. Fla. 2012). However, in the internet age, who may qualify as a "media defendant" is necessarily evolving. Defendant cites to *Comins v. Vanvoorhis*, 135 So. 3d 545 (Fla. 5th DCA 2014), in support of his contention that he should be considered a "media defendant" for whom pre-suit notice is required. Upon review, however, the Court does not find *Comins* to be dispositive.

In *Comins*, the defendant posted allegedly defamatory statements on his blog, relying on video and online news articles reporting an incident in which the plaintiff shot two dogs. 135 So. 3d at 548. The defendant sought summary judgment on plaintiff's claims as a result of plaintiff's failure to provide him pre-suit notice pursuant to section 770.01. *Id.* at 549. In affirming the trial court's finding that the defendant blogger was entitled to pre-suit notice, the District Court of Appeal looked to "whether the blog is operated to further the free dissemination of information *or* disinterested and neutral commentary or editorializing as to matters of public interest." *Id.* at 557. The District Court of Appeal stated further that

> [i]n employing the word 'blog,' we consider a site operated by a single individual or a small group that has primarily an informational purpose, most commonly in an area of special interest, knowledge, or expertise of the blogger, and which usually provides for public impact or feedback. In that sense, it appears clear that many blogs and bloggers will fall within the broad reach of 'media,' and, if accused of defamatory statements, will qualify as a 'media defendant' for purposes of Florida's defamation law[.]

9

*Id*. at 559.

In this case, Defendant does not contend that he is a blogger. Plaintiff alleges that Defendant maintains an active social media presence through his YouTube and Telegram channels, which respectively have approximately 180,000 and 100,000 subscribers. ECF No. [1] ¶¶ 17-18. Plaintiff also alleges that Defendant promotes various crypto-assets and provides crypto-asset trade advice to his followers on these channels. *Id*. ¶ 17. Thus, based upon the allegations in the Complaint, there is no basis to conclude that Defendant's use of social media is "to further the free dissemination of information or disinterested and neutral commentary or editorializing as to matters of public interest." Furthermore, the Court is unconvinced that simply because Defendant uses various internet platforms to share information and receive real-time feedback, the Court should extend the interpretation of "media defendant" provided for in *Comins* to include him. Indeed, in *Comins*, the court was careful to note that it "was not prepared to say that all blogs and all bloggers would qualify for the protection of section 770.01[.]" 135 So. 3d at 559. In any event, as previously noted, Defendant does not assert that he is a blogger, and he cites no other persuasive authority to support his contention that he should be considered a "media defendant" entitled to pre-suit notice.

### D.  Plaintiff's company is not an indispensable party

Lastly, Defendant argues that Plaintiff's company, Ava Labs, is an indispensable party in this case. Other than his conclusory statement, Defendant has offered no basis for the Court to conclude that Ava Labs is a necessary party in this case.

"A party is not necessary simply because joinder would be convenient, or because two claims share common facts." *S. Co. Energy Mktg., L.P. v. Va. Elec. & Power Co.*, 190 F.R.D. 182, 185 (E.D. Va. 1999); *see also Innotex Precision Ltd. v. Horei Image Prods., Inc.*, 679 F. Supp. 2d

1356, 1362 (N.D. Ga. 2009) ("the inconsistent obligations test is not met when monetary relief is at issue" (citations omitted)); *Kenko Int'l, Inc. v. Asolo S.r.l.*, 838 F. Supp. 503, 506 (D. Colo. 1993) (requiring "legally protected interest, and not merely a financial interest or interest of convenience"). Rather, an absent party is considered necessary (i) if, in its absence, the court cannot accord complete relief among the existing parties to the action; (ii) if the nonparty's absence would have a prejudicial effect on that party's ability to protect its interest relating to the subject of the action; or (iii) if, due to the absent party's related interest, the nonparty's absence would leave the existing parties at a substantial risk of incurring inconsistent obligations upon the court's disposition of the current action. Fed. R. Civ. P. 19(a)(1); *see also City of Marietta v. CSX Transp. Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999) (per Rule 19(a), the first question is "whether complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations.").

In this case, Plaintiff is claiming that Defendant defamed him personally by falsely stating that Plaintiff is associated with a terrorist organization. The Complaint contains no allegations with respect to any allegedly defamatory statements regarding Ava Labs, nor is Plaintiff seeking relief for damages incurred by Ava Labs. Notably, Defendant offers no argument with respect to the three factors the Court considers in order to determine if an absent party is considered necessary, and upon the Court's review, joinder of Ava Labs is not necessary in this case. Accordingly, Defendant fails to show that dismissal based upon the failure to join an indispensable party would be proper in this case.

### IV.     CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. The Motion, **ECF No. [16]**, is **DENIED**.

2. Defendant shall file his Answer to the Complaint **no later than November 1, 2021.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 22, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record