# Exhibit B

**Subject:** Re: Sirer v. Aksoy - Meet and Confer
**Date:** Monday, March 21, 2022 at 8:37:28 AM Eastern Daylight Time
**From:** Maya Jumper
**To:** Gautier Kitchen, Jordana Haviv, Jeremy Reynolds
**CC:** Kyle Roche, Velvel Freedman, reringer@lentolawgroup.com

Mr. Kitchen,

Thank you for a productive meet and confer on March 18. As discussed during the Parties' telephonic conference, the Parties have reached agreement on the following:

1. In response to Judge Otazo-Reyes' Order concerning RFP Nos. 3 and 5, the Parties agree that Defendant will produce social media posts as Bates-stamped, PDF files that reflect the entirety of each relevant post made by Defendant, and any comments/replies thereto, including the time and date of each post, where available.

2. Defendant agrees to conduct reasonable searches of all personal email accounts and text messages for communications and documents referencing Plaintiff, Plaintiff's cryptoasset (AVAX) and cryptocurrency platform (AVA and Avalanche), and this lawsuit. Plaintiff anticipates production of all non-privileged documents responsive to these searches on a rolling basis, to be completed by no later than March 29, unless an extension is otherwise requested by Defendant and agreed to by Plaintiff.

3. In response to RFP Nos. 1, 2 and 9, Defendant agrees to produce all communications and documents between Defendant and any other person relating to the alleged defamatory statements or this Action, barring any assertion of privilege. Additionally, Defendant will produce the videos referenced in his response to RFP No. 2, with metadata (i.e., the date the videos were created, modified, transmitted, deleted or otherwise manipulated by any user), to the extent possible.

4. Should Defendant maintain his objection to production in response to RFP No. 7, Plaintiff will seek additional information from Defendant in support of his objection to establish that the contents of responsive documents fall within the Court's definition of a trade secret.

5. With respect to Interrogatory No. 5, Defendant agrees to make reasonable efforts to identify the "exclusive followers" referenced in his response to Interrogatory No. 5 and provide all ascertainable identifying information.

6. Defendant will produce his amended and signed Interrogatory and RFP responses by the March 24 deadline set by Judge Otazo-Reyes, unless a one-day extension is requested by Defendant and agreed to by Plaintiff.

You also confirmed that Defendant has been made aware of his document preservation obligations and is complying with those obligations. Additionally, you agreed to send us dates of availability for Mr. Aksoy's deposition in May by Friday, March 25. We'll look out for those.

Regards,
Maya

**From:** Gautier Kitchen <gautier@kitchen-law.com>
**Date:** Thursday, March 10, 2022 at 3:01 PM
**To:** Jordana Haviv <jhaviv@rochefreedman.com>, Jeremy Reynolds <tannis11@gmail.com>, Maya Jumper <mjumper@rochefreedman.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

**[EXTERNAL SENDER]**

Thank you!

Sent from my Verizon, Samsung Galaxy smartphone
Get [Outlook for Android](#)

---

**From:** Maya Jumper <mjumper@rochefreedman.com>
**Sent:** Thursday, March 10, 2022 2:58:57 PM
**To:** Gautier Kitchen <gautier@kitchen-law.com>; Jordana Haviv <jhaviv@rochefreedman.com>; Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>; Velvel Freedman <vel@rochefreedman.com>; reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

The Court will circulate a conference dial-in once we've filed the Notice of Hearing (which we intend to file shortly).

---

**From:** Gautier Kitchen <gautier@kitchen-law.com>
**Date:** Thursday, March 10, 2022 at 2:56 PM
**To:** Maya Jumper <mjumper@rochefreedman.com>, Jordana Haviv <jhaviv@rochefreedman.com>, Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

**[EXTERNAL SENDER]**

What is the call-in number?

Sent from my Verizon, Samsung Galaxy smartphone
Get [Outlook for Android](#)

**From:** Maya Jumper <mjumper@rochefreedman.com>
**Sent:** Thursday, March 10, 2022 2:44:08 PM
**To:** Jordana Haviv <jhaviv@rochefreedman.com>; Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>; Velvel Freedman <vel@rochefreedman.com>; Gautier Kitchen <gautier@kitchen-law.com>; reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

Counsel –
The Court has set a hearing in this matter on Monday, March 14 at 1:30pm ET before Judge Otazo-Reyes. Please find a Notice of Hearing attached.
Please also find attached a proposed stipulation requesting an extension of the discovery deadlines. If you agree to the proposed extension, please confirm in writing by COB today.
Maya

---

**From:** Jordana Haviv <jhaviv@rochefreedman.com>
**Date:** Friday, March 4, 2022 at 4:03 PM
**To:** Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, Maya Jumper <mjumper@rochefreedman.com>, Gautier Kitchen <gautier@kitchen-law.com>, reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

Jeremy: We spoke today with Judge Otazo-Reyes' clerk, who requested that the parties meet and confer regarding the deficiencies in your discovery responses we raised below. If you will not do so, please at a minimum confirm <u>by noon on Monday, March 7</u> your availability for a hearing on the three dates and times below so we can revert to Chambers with a mutually agreeable date:

> Wednesday, March 9 (except for between 3 and 4pm)
> Friday, March 11
> Monday, March 14

Thank you,

Jordana

**Jordana Haviv**
<u>Partner</u>
Roche Freedman LLP
99 Park Avenue, 19th Floor
New York, NY 10016
(t) (646) 437-7639
(m) (917) 623-0757
(@) jhaviv@rochefreedman.com

**From:** Maya Jumper <mjumper@rochefreedman.com>
**Date:** Wednesday, March 2, 2022 at 4:33 PM
**To:** Jordana Haviv <jhaviv@rochefreedman.com>, Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, Gautier Kitchen <gautier@kitchen-law.com>, "reringer@lentolawgroup.com" <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

Jeremy –

We are making one final attempt to confer with you pursuant to our obligations under the Scheduling Order, ECF No. 15, prior to seeking court intervention on the discovery issues identified below.

If we do not receive a response by tomorrow (Thursday, March 3) at noon ET, we will contact the Court to schedule a hearing.

Maya

---

**From:** Jordana Haviv <jhaviv@rochefreedman.com>
**Date:** Monday, February 28, 2022 at 7:41 PM
**To:** Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, Maya Jumper <mjumper@rochefreedman.com>, Gautier Kitchen <gautier@kitchen-law.com>, reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

Jeremy: We have now made multiple requests that you provide your belated responses and objections to Plaintiff's first set of interrogatories and RFPs in signed, final form. You have not responded to our last two emails. As we stated on Friday, we plan to raise this issue with the Court.

We also would like to raise the following deficiencies in your specific responses.

- We requested, "All documents, communications, recordings, and/or materials relating to or referencing any requests or agreements, written or verbal, made between you and any third-party to promote or in any way affect the value or price of any crypto-asset." We also sought, "All documents and communications relating to acts made by you, or at your direction, to promote or with the anticipated result of promoting, any crypto-asset, either directly or indirectly, including through your Social Media accounts." Your unsworn response to both states "Will not share as they contain my trade secrets & not relevant to the defamation case at all." Relatedly, you have refused on relevance grounds to identify all persons and/or entities who have contracted with or compensated you to promote their crypto-assets even though you admit that you have been "contacted by hundreds of people every month for the past 4 years for promotional requests." Your promotion of or influence over any other

  crypto-assets is plainly relevant here. Specifically, whether and to what extent your defamation of Plaintiff was motivated by financial incentives to depress the price of AVAX relative to the price of other crypto-assets is central to the intent element of defamation and likewise, to Plaintiff's request for punitive damages.

- Additionally, we asked for "All documents related to your ownership or transactions in any crypto-asset, including, but not limited to, AVAX." Your unsworn response states, "Will not share my personal finances as they are not relevant to the case." Whether and to what extent you profited from your defamation of Plaintiff through trading in AVAX is relevant to this litigation.

If you will not agree to promptly provide the requested information, please let us know by close of business tomorrow (Tuesday, March 1) some times that work this week for a meet and confer pursuant to Local Rule 7.1. If you continue to ignore our emails, we intend to reach out to the Court this week to find a time to be heard on these issues.

Finally, given your client's responses that he doesn't "keep a record" of certain categories of information that are plainly relevant to this litigation, please confirm promptly that your client has been issued a document preservation notice and is complying with those obligations.

**Jordana Haviv**
Partner
Roche Freedman LLP
99 Park Avenue, 19th Floor
New York, NY 10016
(t) (646) 437-7639
(m) (917) 623-0757
(@) jhaviv@rochefreedman.com

---

**From:** Jordana Haviv <jhaviv@rochefreedman.com>
**Date:** Friday, February 25, 2022 at 1:04 PM
**To:** Jeremy Reynolds <tannis11@gmail.com>, Kyle Roche <kyle@rochefreedman.com>
**Cc:** Maya Jumper <mjumper@rochefreedman.com>, Gautier Kitchen <gautier@kitchen-law.com>, Velvel Freedman <vel@rochefreedman.com>, "reringer@lentolawgroup.com" <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

Jeremy: After granting you an extension to get your responses translated, we asked for signed, final versions of your discovery responses by close of business on Wednesday but have yet to receive them. As a reminder, these responses were due nearly two weeks ago. Please provide signed, final responses today or we will be forced to seek relief from the Court.

**Jordana Haviv**
Partner
Roche Freedman LLP
99 Park Avenue, 19th Floor
New York, NY 10016

(t) (646) 437-7639
(m) (917) 623-0757
(@) jhaviv@rochefreedman.com

---

**From:** Jordana Haviv <jhaviv@rochefreedman.com>
**Date:** Tuesday, February 22, 2022 at 9:23 AM
**To:** Jeremy Reynolds <tannis11@gmail.com>, Kyle Roche <kyle@rochefreedman.com>
**Cc:** Maya Jumper <mjumper@rochefreedman.com>, Gautier Kitchen <gautier@kitchen-law.com>, Velvel Freedman <vel@rochefreedman.com>, "reringer@lentolawgroup.com" <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

Thanks Jeremy. Please provide a signed, final version of your responses by close of business tomorrow.

**Jordana Haviv**
Partner
Roche Freedman LLP
99 Park Avenue, 19th Floor
New York, NY 10016
(t) (646) 437-7639
(m) (917) 623-0757
(@) jhaviv@rochefreedman.com

---

**From:** Jeremy Reynolds <tannis11@gmail.com>
**Date:** Monday, February 21, 2022 at 9:56 PM
**To:** Kyle Roche <kyle@rochefreedman.com>
**Cc:** Maya Jumper <mjumper@rochefreedman.com>, Gautier Kitchen <gautier@kitchen-law.com>, Jordana Haviv <jhaviv@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, "reringer@lentolawgroup.com" <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

We will supplement with objections formatting etc but I wanted to make sure I got this to you by my promised deadline.

> 1. The information comes from a conference I attended called TUBITAK BILGEM 1. Ulusal Blokzincir Çalıştayı 2018. Held on April 2nd & 3rd 2018 in Ankara. During one of the breaks we chatted with some of the staff of the organization. I do not remember their names or their positions. During the chat the topic came to Emin Gün Sirer, and one of the guys said that they wanted to invite him to the conference too, but then they decided not to because they heard that he may be affiliated with FETO.
>
> 2. I do not believe he is a member of FETO, I have only shared a speculation that was communicated to me during a chit-chat at the conference. There are some Tweets Emin Gün Sirer posted back in the day that mocks Erdoğan, supports the FETO driven Coup attempt and makes fun of the regime in Turkey. They have made me think that what I heard in the conference might actually be true. Here are the Tweets:

https://twitter.com/el33th4xor/status/754090458792529920
https://mobile.twitter.com/el33th4xor/status/793057848825643012

https://twitter.com/el33th4xor/status/840954566426292224
https://twitter.com/el33th4xor/status/754072936420610048

3. It is not possible to identify who was present at the time of publication. YouTube does not provide personal details of the viewers.

    4. I do not know Emin Gün Sirer personally. We have never met and I never had an interaction with him.

    5. I have only issued two live-chat videos for my exclusive followers on January 13th 2021 and February 18th 2021 that is the basis of this lawsuit. Emin Gün's Turkish lawyer Sima Baktaş reached out and asked me to remove the videos. After I removed the videos, Sima still went on with their lawsuits in Turkey for defamation. She said that removing the videos doesn't make the crime go away. I was pissed at their ill behavior, they were trying to punish me for not endorsing their project AVAX. So I decided to find flaws and expose them for their own lies in their marketing as a counter-strike. I may have made some other statements about Emin Gün Sirer in these publications, which I will provide in the RFP's.

    6. Here are my channel links. There is no way for me to identify my followers as this information is not provided to me by Facebook, Twitter, Telegram or YouTube.

www.youtube.com/kriptoemre
www.t.me/kriptoemre
www.twitter.com/kriptoemre
www.facebook.com/kriptoemre

7. I don't think that this is relevant to the case. I am contacted by hundreds of people every month for the past 4 years for promotional requests. I do not keep a record of these inquiries and won't be able to identify all of them.

    8. Nobody has asked me to manipulate the price of AVAX, or any other crypto-asset, that's not something I do.

    There was no scheme to depress the price of Avalanche at all. On February 10th of 2021, Avalanche $AVAX network collapsed for more than a day. But this didn't reflect on the price of the coin immediately, because people weren't able to move their coins to exchanges from wallets. You can check this Reddit thread for proof:
https://www.reddit.com/r/CryptoCurrency/comments/lhd3lz/avalanche_avax_has_been_having_network_issues_for/

Their network was dead, and as soon as I heard this news I knew that this was going to be punished by investors and traders in the market, so I told my followers that it might be a good idea to short $AVAX. I was right about my prediction, as their token price dropped dramatically for days after the incident.
$AVAX has a flawed technology and has been facing issues constantly. On May 4, they faced another shortage of service to their wallets this time:
https://coinstats.app/news/3tBv6WiL7A_Avalanche-Web-Wallet-Stalls-For-6-Hours-After-Avalaunch-Airdrop-Snapshot?utm_medium=Organic&utm_source=coinstats

I do not engage in market manipulation and I never had an agenda of depressing the price of any coin. Alienating crypto-asset companies is bad for my business, why would I want to piss off someone for the benefit of another sponsor? I do not pick sides, it's not in the nature of what I do on my channels.

9. I will not be disclosing the financials of these promotional deals as they are not relevant to this case.

> 10. There are no reasons or motives to make such a statement, as it wasn't me who initiated the subject on my YouTube channel. I did not claim that he was a member of FETO. The videos in question were hour long semi-private live broadcasts I hosted on my YouTube channel for my close followers in Turkey. Only people who contributed to my channel via the "join" feature were able to view it. During the live broadcast, one of my contributors asked what I know about their project $AVAX and I laid out the pros and cons for just a couple of minutes. I have also shared a story of mine about Emin Gün Sirer during a Turkish Government sponsored cryptocurrency conference. It wasn't an accusation or an act of defamation, I explicitly told that it was a rumor and we cannot know if it is true or not. So the question came from the audience, I didn't even initiate the subject on my own.
>
> 1. There is none.
>
> 2. There is none apart from the videos.
>
> 3. https://twitter.com/el33th4xor/status/754090458792529920

https://mobile.twitter.com/el33th4xor/status/793057848825643012
https://twitter.com/el33th4xor/status/840954566426292224
https://twitter.com/el33th4xor/status/754072936420610048

4. Will not share as they contain my trade secrets & not relevant to the defamation case at all.

> 5. Here is what I am able to locate:
> https://www.youtube.com/watch?v=OFcFylEoIQI&ab_channel=KriptoEmre
> https://twitter.com/kriptoemre/status/1372118986364743682
> https://twitter.com/kriptoemre/status/1397271347680747526
> https://twitter.com/kriptoemre/status/1397277912794030083
> https://twitter.com/kriptoemre/status/1360699660667609092
> https://t.me/kriptoemre/962
>
> 6. There is none.
>
> 7. Will not share as they contain my trade secrets & not relevant to the defamation case at all.
>
> 8. There is none.
>
> 9. I don't understand. They are not asking for our private communications right? Because there is none apart from that.

10. Will not share my personal finances as they are not relevant to the case.

11. Already provided in #5

12. I don't keep a record of that. Everything that's published and live can be found on my social accounts.

On Fri, Feb 18, 2022 at 4:42 PM Jeremy Reynolds <tannis11@gmail.com> wrote:

> THank you for your patience and understanding.
>
> On Fri, Feb 18, 2022 at 4:38 PM Kyle Roche <kyle@rochefreedman.com> wrote:
>
>> We are willing to wait until Monday to review your responses.
>>
>> **Kyle Roche**
>> Roche Freedman LLP
>> (t) (646) 970-7509
>> (@) kyle@rochefreedman.com
>>
>> ---
>>
>> **From:** Jeremy Reynolds <tannis11@gmail.com>
>> **Date:** Friday, February 18, 2022 at 4:27 PM
>> **To:** Kyle Roche <kyle@rochefreedman.com>
>> **Cc:** Maya Jumper <mjumper@rochefreedman.com>, Gautier Kitchen <gautier@kitchen-law.com>, Jordana Haviv <jhaviv@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, reringer@lentolawgroup.com <reringer@lentolawgroup.com>
>> **Subject:** Re: Sirer v. Aksoy - Discovery Requests
>>
>> Kyle -
>>
>> You're the defendant is a Turkish national. The SLAPP suit is over comments made in Turkish. Context certainly is pertinent. Tell you what. Why don't you give me a reasonable extension to have the clients responses translated? Would Monday work ok for you?
>>
>> On Fri, Feb 18, 2022 at 8:12 AM Kyle Roche <kyle@rochefreedman.com> wrote:
>>
>>> Jeremy –
>>>
>>> It is not my obligation to ensure your client's discovery responses comply with the Federal Rules. Further, under Rule 11, all discovery responses "must be signed by at least one attorney of record in the attorney's name." Further, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."
>>>
>>> Please provide signed and translated responses to Plaintiff's RFPs and ROGs by C.O.B.
>>>
>>> **Kyle Roche**

Roche Freedman LLP
(t) (646) 970-7509
(@) kyle@rochefreedman.com

---

**From:** Jeremy Reynolds <tannis11@gmail.com>
**Date:** Friday, February 18, 2022 at 8:05 AM
**To:** Kyle Roche <kyle@rochefreedman.com>
**Cc:** Maya Jumper <mjumper@rochefreedman.com>, Gautier Kitchen <gautier@kitchen-law.com>, Jordana Haviv <jhaviv@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

Mr. Roche,

We would be delighted to provide english copies. If you know of somewhere that can translate these in that time frame.

On Fri, Feb 18, 2022 at 8:02 AM Kyle Roche <kyle@rochefreedman.com> wrote:

> Counsel –
>
> Please provide responses in English to both Plaintiffs' First Set of RFPs and ROGs by C.O.B. today or we will need to bring this matter to Judge Otazo-Reyes.
>
> Regards,
>
> **Kyle Roche**
> Roche Freedman LLP
> (t) (646) 970-7509
> (@) kyle@rochefreedman.com
>
> ---
>
> **From:** Jeremy Reynolds <tannis11@gmail.com>
> **Date:** Friday, February 18, 2022 at 5:06 AM
> **To:** Maya Jumper <mjumper@rochefreedman.com>
> **Cc:** Gautier Kitchen <gautier@kitchen-law.com>, Jordana Haviv <jhaviv@rochefreedman.com>, Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, reringer@lentolawgroup.com <reringer@lentolawgroup.com>
> **Subject:** Re: Sirer v. Aksoy - Discovery Requests
>
> Here is the response from the client
> BELGE ÜRETİM TALEPLERİ
>
> Davacının Fethullahçı Terör Örgütü FETÖ'nün bir üyesi olduğuna veya herhangi bir zamanda üyesi olduğuna veya doğrudan veya dolaylı olarak bağlantılı olduğuna ilişkin beyanınızla ilgili olarak siz ve diğer kişiler arasında gönderilen, alınan ve/veya değiş tokuş edilen tüm belge ve yazışmalar, veya Türkiye'de veya yurt dışında faaliyet gösteren herhangi bir terör örgütü.
>
> İstenen tüm belgeler daha önce ibraz edilmiş olup, aynı olaydan dolayı yabancı bir ülkede açılan dava sonucunda Davacı'nın elindedir. İtiraz Aşırı geniş, aşırı külfetli, keşfedilebilir kanıtlara yol açması muhtemel değil, İlgili değil, Balık tutma seferi.

İSTEK NO. 2:

Davacının bir üyesi olduğuna veya herhangi bir zamanda üye olduğuna veya doğrudan veya dolaylı olarak ilişkili olduğuna ilişkin beyanınızla ilgili olarak sizin, temsilcileriniz veya talimatınızdaki herhangi bir kişi tarafından kamuya açık olarak yayınlanan tüm belgeler, iletişimler, kayıtlar ve/veya materyaller Fethullah Terör Örgütü, FETÖ veya Türkiye'de veya yurt dışında faaliyet gösteren herhangi bir terör örgütü.

İstenen tüm belgeler daha önce ibraz edilmiş olup, aynı olaydan dolayı yabancı bir ülkede açılan dava sonucunda Davacı'nın elindedir. İtiraz Aşırı geniş, aşırı külfetli, keşfedilebilir kanıtlara yol açması muhtemel değil, İlgili değil, Balık tutma seferi.

İSTEK NO. 3:

Davacının Fethullahçı Terör Örgütü, FETÖ veya faaliyet gösteren herhangi bir terör örgütünün üyesi olduğuna veya herhangi bir zamanda üyesi olduğuna veya bunlarla doğrudan veya dolaylı olarak ilişkili olduğuna dair beyanınızı desteklemek için dayandığı tüm belgeler, iletişimler, kayıtlar ve/veya materyaller Türkiye'de veya yurtdışında, belgenin ve/veya iletişimin kaynağı ve belgenin ve/veya iletişimin alındığı veya size bildirildiği saat, tarih ve yer dahil olmak üzere.

İstenen tüm belgeler daha önce ibraz edilmiş olup, aynı olaydan dolayı yabancı bir ülkede açılan dava sonucunda Davacı'nın elindedir. İtiraz Aşırı geniş, aşırı külfetli, keşfedilebilir kanıtlara yol açması muhtemel değil, İlgili değil, Balık tutma seferi.

İSTEK NO. 4:

Herhangi bir kripto varlığın değerini veya fiyatını herhangi bir şekilde tanıtmak veya herhangi bir şekilde etkilemek için sizinle herhangi bir üçüncü taraf arasında yapılan yazılı veya sözlü herhangi bir talep veya anlaşmayla ilgili veya bunlara atıfta bulunan tüm belgeler, iletişimler, kayıtlar ve/veya materyaller.

İstenen tüm belgeler daha önce ibraz edilmiş olup, aynı olaydan dolayı yabancı bir ülkede açılan dava sonucunda Davacı'nın elindedir. İtiraz Aşırı geniş, aşırı külfetli, keşfedilebilir sonuçlara yol açması muhtemel değil kanıt, İlgili değil, Balık tutma seferi.

İSTEK NO. 5:

Davacı, AVA Labs, Avalanche ve/veya AVAX'a atıfta bulunan veya bunlarla ilgili tüm belgeler, iletişimler, kayıtlar ve/veya materyaller.

İstenen tüm belgeler daha önce ibraz edilmiş olup, aynı olaydan dolayı yabancı bir ülkede açılan dava sonucunda Davacı'nın elindedir. İtiraz Aşırı geniş, aşırı külfetli, keşfedilebilir kanıtlara yol açması muhtemel değil, İlgili değil, Balık tutma seferi. AVA Labs, Avalanche ve/veya AVAX. Bu davanın tarafı değiller.

İSTEK NO. 6:

AVAX'ın değeri ve/veya fiyatı veya Davacı, AVA Labs ve/veya Avalanche'ın itibarı ile ilgili tüm işlemler, sözleşmeler ve/veya anlaşmalarla ilgili tüm belgeler, iletişimler, kayıtlar ve/veya materyaller.

İstenen tüm belgeler daha önce ibraz edilmiş olup, aynı olaydan dolayı yabancı bir ülkede açılan dava sonucunda Davacı'nın elindedir. İtiraz Aşırı geniş, aşırı külfetli, keşfedilebilir kanıtlara yol açması muhtemel değil, İlgili değil, Balık tutma seferi. AVA Labs, Avalanche ve/veya AVAX. Bu davanın tarafı değiller.

SORGULAR

SORGU NO. 1:

Davacının Fethullahçı Terör Örgütü, FETÖ veya Türkiye'de veya yurt dışında faaliyet gösteren herhangi bir terör örgütünün üyesi olduğuna veya herhangi bir zamanda üyesi olduğuna veya bunlarla doğrudan veya dolaylı olarak ilişkili olduğuna dair beyanınızı desteklemek için dayandığınız tüm bilgileri tanımlayın. bilgi, belge ve/veya iletişimin kaynağı, bilgi, belge ve/veya iletişimin edinildiği veya size bildirildiği saat, tarih ve yer ve bu bilgi, belge ve/veya size bu bilgileri, belgeyi ve/veya sağlayan kişi veya kişiler. iletişim.

Hustler v. Falwell, 485 U.S. 46 (1988) Aynı olaydan dolayı yabancı bir ülkede açılan dava sonucunda Davacıların elinde zaten. İtiraz Aşırı geniş, aşırı külfetli, keşfedilebilir kanıtlara yol açması muhtemel değil, İlgili değil, Balık tutma seferi.

SORGU NO. 2:

Davacının Fethullah'ın bir üyesi olduğu veya herhangi bir zamanda Fethullah'la doğrudan veya dolaylı olarak ilişkili olduğuna dair beyanınız için dayandığı tüm bilgi, belge, iletişim ve/veya materyallerin doğruluğuna olan inancınızı destekleyen tüm bilgileri belirleyin. Terör Örgütü, FETÖ veya Türkiye'de veya yurt dışında faaliyet gösteren herhangi bir terör örgütü.

Hustler v. Falwell, 485 U.S. 46 (1988) Aynı olaydan dolayı yabancı bir ülkede açılan dava sonucunda Davacıların elinde zaten. İtiraz Aşırı geniş, aşırı külfetli, keşfedilebilir kanıtlara yol açması muhtemel değil, İlgili değil, Balık tutma seferi.

SORGU NO. 3:

Davacının Fethullahçı Terör Örgütü, FETÖ veya Türkiye'de faaliyet gösteren herhangi bir terör örgütünün üyesi olduğu veya herhangi bir noktada üyesi olduğu veya bunlarla doğrudan veya dolaylı olarak ilişkili olduğuna dair yayının yapıldığı tarihte hazır bulunan veya ifadenizden haberdar olan tüm kişileri belirleyin. veya yurtdışında.

Hustler v. Falwell, 485 U.S. 46 (1988) Aynı olaydan dolayı yabancı bir ülkede açılan dava sonucunda Davacıların elinde zaten. İtiraz Aşırı geniş, aşırı külfetli, keşfedilebilir kanıtlara yol açması muhtemel değil, İlgili değil, Balık tutma seferi.

SORGU NO. 4:

Etkileşimin tarihi ve yeri, doğası, konusu ve özeti dahil olmak üzere, Davacı ile sözlü veya yazılı, sanal veya yüz yüze herhangi bir etkileşimi yansıtan tüm beyanları, iletişimleri ve/veya kayıtları tanımlayın.

Hustler v. Falwell, 485 U.S. 46 (1988) Aynı olaydan dolayı yabancı bir ülkede açılan dava sonucunda Davacıların elinde zaten. İtiraz Aşırı geniş, aşırı külfetli, keşfedilebilir kanıtlara yol açması muhtemel değil, İlgili değil, Balık tutma seferi.

SORGU NO. 5:

Bu beyanların niteliği, tüm üçüncü şahıs alıcıların kimliği ve bu beyanların yapıldığı tarih de dahil olmak üzere, Davacı ile ilgili olarak herhangi bir üçüncü tarafa yaptığınız tüm beyanları ve/veya iletişimleri tanımlayın.

Hustler v. Falwell, 485 U.S. 46 (1988) Aynı olaydan dolayı yabancı bir ülkede açılan dava sonucunda Davacıların elinde zaten. İtiraz Aşırı geniş, aşırı külfetli, keşfedilebilir kanıtlara yol açması muhtemel değil, İlgili değil, Balık tutma seferi.

SORGU NO. 6:

İzleyicilerin ve/veya bu hesaplara abone olanların kimlikleri de dahil olmak üzere, sizin adınıza kayıtlı, tuttuğunuz veya işlettiğiniz ya da katkıda bulunduğunuz tüm Sosyal Medya hesaplarını tanımlayın.

Hustler v. Falwell, 485 U.S. 46 (1988) Aynı olaydan dolayı yabancı bir ülkede açılan dava sonucunda Davacıların elinde zaten. İtiraz Aşırı geniş, aşırı külfetli, keşfedilebilir kanıtlara yol açması muhtemel değil, İlgili değil, Balık tutma seferi.

SORGU NO. 7:

Bağlı oldukları, sahip oldukları veya ellerinde bulundurdukları kripto varlıklarını diğer üçüncü kişilere tanıtmanızı, öne çıkarmanızı veya tavsiye etmenizi isteyen, sözleşme imzalayan, elinde tutan ve/veya tazmin eden tüm kişileri ve/veya kuruluşları tanımlayın. Taraflar, doğrudan veya Sosyal Medya hesaplarınız aracılığıyla.

Hustler v. Falwell, 485 U.S. 46 (1988) Aynı olaydan dolayı yabancı bir ülkede açılan dava sonucunda Davacıların elinde zaten. İtiraz Aşırı geniş, aşırı külfetli, keşfedilebilir kanıtlara yol açması muhtemel değil, İlgili değil, Balık tutma seferi.

SORGU NO. 8:

Fiyat, değer veya itibarda herhangi bir değişiklik, azalma, terfi, depresyon ve/veya dalgalanma ile sonuçlanan veya sonuçlanabilecek herhangi bir davranışta bulunmanız için sizden talepte bulunan, sözleşme imzalayan, elinde tutan veya tazmin eden tüm kişileri ve/veya kuruluşları tanımlayın. AVAX dahil ancak bununla sınırlı olmamak üzere, kripto varlığının kimliği ve tüm ilgili iletişimlerin zamanı, yeri, ortamı ve içeriği dahil olmak üzere herhangi bir kripto varlığı veya etkilenen herhangi bir kripto varlığı.

Hustler v. Falwell, 485 U.S. 46 (1988) Aynı olaydan dolayı yabancı bir ülkede açılan dava sonucunda Davacıların elinde zaten. İtiraz Aşırı geniş, aşırı külfetli, keşfedilebilir kanıtlara yol açması muhtemel değil, İlgili değil, Balık tutma seferi.

SORGU NO. 9:

7 ve 8 No'lu Sorgulamalarda tanımlanan her bir kişi ve/veya kuruluş için, her bir kişinin size teklif ettiği ve/veya ödediği parayı veya diğer varlıkları veya bedeli doğrudan veya dolaylı olarak teşvik etmek, bastırmak veya fiyatı başka bir şekilde etkilemek için sağlayın, AVAX kripto varlığı dahil ancak bununla sınırlı olmamak üzere herhangi bir kripto varlığının değeri ve/veya itibarı.

Hustler v. Falwell, 485 U.S. 46 (1988) Aynı olaydan dolayı yabancı bir ülkede açılan dava sonucunda Davacıların elinde zaten. İtiraz Aşırı geniş, aşırı külfetli, keşfedilebilir kanıtlara yol açması muhtemel değil, İlgili değil, Balık tutma seferi.

SORGU NO. 10:

Davacının Fethullahçı Terör Örgütü, FETÖ veya Türkiye'de faaliyet gösteren herhangi bir terör örgütünün üyesi olduğunu veya herhangi bir zamanda üyesi olduğunu veya bunlarla doğrudan veya dolaylı olarak ilişkili olduğunu belirtmenin ve açıklama yapmanın tüm dayanaklarını ve/veya nedenlerini tespit edin veya yurt dışına.

Hustler v. Falwell, 485 U.S. 46 (1988) Aynı olaydan dolayı yabancı bir ülkede açılan dava sonucunda Davacıların elinde zaten. İtiraz Aşırı geniş, aşırı külfetli, keşfedilebilir kanıtlara yol açması muhtemel değil, İlgili değil, Balık tutma seferi.

On Thu, Feb 17, 2022 at 3:51 PM Jeremy Reynolds <tannis11@gmail.com> wrote:

> I have the responses the organization may leave a bit to be desired but I can have it by morning
>
> On Thu, Feb 17, 2022 at 3:45 PM Maya Jumper <mjumper@rochefreedman.com> wrote:
>
>> Counsel –
>>
>> Please advise when you will provide Defendant's responses.
>>
>> Maya

**From:** Gautier Kitchen <gautier@kitchen-law.com>
**Date:** Tuesday, February 15, 2022 at 2:03 PM
**To:** reringer@lentolawgroup.com <reringer@lentolawgroup.com>, tannis11@gmail.com <tannis11@gmail.com>, Maya Jumper <mjumper@rochefreedman.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

Jeremy, when can we have those to the plaintiff?

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Maya Jumper <mjumper@rochefreedman.com>
**Sent:** Tuesday, February 15, 2022 1:46:05 PM
**To:** reringer@lentolawgroup.com <reringer@lentolawgroup.com>; Gautier Kitchen <gautier@kitchen-law.com>; tannis11@gmail.com <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>; Velvel Freedman <vel@rochefreedman.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

Gautier and Jeremy,

As of yesterday, the deadline for Defendant to respond to Plaintiff's First Set of Interrogatories and RFPs has expired. Please provide a definitive date by which we can expect to receive your responses.

Maya

---

**From:** Maya Jumper <mjumper@rochefreedman.com>
**Date:** Friday, January 14, 2022 at 8:13 PM
**To:** reringer@lentolawgroup.com <reringer@lentolawgroup.com>, Gautier Kitchen <gautier@kitchen-law.com>, tannis11@gmail.com <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>
**Subject:** Sirer v. Aksoy - Discovery Requests

Counsel –

Please find attached Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents.

Regards,

> Maya
>
> NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
>
> NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
>
> NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
>
> NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.
>
> NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.