# EXHIBIT A

**Subject:** Re: Sirer v. Aksoy - Meet and Confer
**Date:** Wednesday, April 27, 2022 at 1:24:55 PM Eastern Daylight Time
**From:** Maya Jumper
**To:** Rook Ringer, Gautier Kitchen, Jeremy Reynolds
**CC:** Kyle Roche, Velvel Freedman, Jordana Haviv

Thanks, Rook.

We also intend to move to extend the discovery deadlines in this matter. Please advise whether Defendant opposes this request.

**Maya S. Jumper**
Associate
Roche Freedman LLP
99 Park Avenue, Suite 1910
New York, New York 10016
(t) (646) 970-7524
(@) mjumper@rochefreedman.com

---

**From:** Rook Ringer <reringer@lentolawgroup.com>
**Date:** Wednesday, April 27, 2022 at 12:22 PM
**To:** Maya Jumper <mjumper@rochefreedman.com>, Gautier Kitchen <gautier@kitchen-law.com>, Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, Jordana Haviv <jhaviv@rochefreedman.com>
**Subject:** Re: Sirer v. Aksoy - Meet and Confer

**[EXTERNAL SENDER]**

I will file the motion to withdraw by EOD and also make sure that he knows about the deposition and what not.

Rook Elizabeth Ringer
Attorney at Law
Managing Partner
Lento Law Group, P.A.
FL Bar 1015698

(Sent from my iPhone)

---

**From:** Maya Jumper <mjumper@rochefreedman.com>
**Sent:** Wednesday, April 27, 2022 12:01:52 PM
**To:** Rook Ringer <reringer@lentolawgroup.com>; Gautier Kitchen <gautier@kitchen-law.com>; Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>; Velvel Freedman <vel@rochefreedman.com>; Jordana Haviv <jhaviv@rochefreedman.com>
**Subject:** Re: Sirer v. Aksoy - Meet and Confer

Counsel:

During the parties' April 21 hearing before Judge Otazo-Reyes, you represented to the Court that you intended to withdraw from this case as counsel for Defendant by April 26, 2022. Upon review of the docket, it appears that you have not moved to withdraw as counsel from this case.

As current counsel of record for Defendant, we are making one final attempt to confer with you regarding the outstanding discovery issues before seeking further relief from the Court. Please also confirm that you have informed your client of his upcoming deposition on May 25, 2022 at 10:00am and provided him with a copy of the attached Notice of Deposition.

Regards,

**Maya S. Jumper**
Associate
Roche Freedman LLP
99 Park Avenue, Suite 1910
New York, New York 10016
(t) (646) 970-7524
(@) mjumper@rochefreedman.com

---

**From:** Maya Jumper <mjumper@rochefreedman.com>
**Date:** Monday, April 18, 2022 at 8:31 PM
**To:** Jordana Haviv <jhaviv@rochefreedman.com>, Gautier Kitchen <gautier@kitchen-law.com>, Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Meet and Confer

Counsel:

The Court has set a hearing in this matter on Thursday, April 21 3:30pm ET before Judge Otazo-Reyes. Please find the Notice of Hearing attached.

Details regarding the conference dial-in number will be docketed by the Court.

Regards,

**Maya S. Jumper**
Associate
Roche Freedman LLP
99 Park Avenue, Suite 1910
New York, New York 10016
(t) (646) 970-7524
(@) mjumper@rochefreedman.com

---

**From:** Maya Jumper <mjumper@rochefreedman.com>
**Date:** Monday, April 11, 2022 at 3:07 PM
**To:** Jordana Haviv <jhaviv@rochefreedman.com>, Gautier Kitchen <gautier@kitchen-law.com>, Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Meet and Confer

Gautier,

Please provide your availability for a hearing before Judge Otazo-Reyes this week to discuss the outstanding discovery issues. Please also confirm that you have informed your client of his upcoming deposition and provided him with a copy of the deposition notice we served last week.

Thanks,

**Maya S. Jumper**
Associate
Roche Freedman LLP
99 Park Avenue, Suite 1910
New York, New York 10016
(t) (646) 970-7524
(@) mjumper@rochefreedman.com

---

**From:** Jordana Haviv <jhaviv@rochefreedman.com>
**Date:** Thursday, April 7, 2022 at 3:11 PM
**To:** Gautier Kitchen <gautier@kitchen-law.com>, Maya Jumper <mjumper@rochefreedman.com>, Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, rreringer@lentolawgroup.com <rreringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Meet and Confer

Thanks for letting us know, and hope all is well with your daughter.

Will your client be proceeding pro se or with other counsel? We'll need to raise the defendant's noncompliance with the Court. Could you please ask for his availability next Monday and Tuesday for an appearance? Thanks.

**Jordana Haviv**
Partner
Roche Freedman LLP
99 Park Avenue, 19th Floor
New York, NY 10016
(t) (646) 437-7639
(m) (917) 623-0757
(@) jhaviv@rochefreedman.com

---

**From:** Gautier Kitchen <gautier@kitchen-law.com>
**Date:** Thursday, April 7, 2022 at 2:54 PM

**To:** Maya Jumper <mjumper@rochefreedman.com>, Jordana Haviv <jhaviv@rochefreedman.com>, Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, "reringer@lentolawgroup.com" <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Meet and Confer

**[EXTERNAL SENDER]**

Counselors, I have had a matter come up involving my daughter and cannot be on the call. Let me make this simple...I have provided everything given to me by my client. I am moving to withdraw from the case due to irreconcilable differences.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Maya Jumper <mjumper@rochefreedman.com>
**Sent:** Wednesday, April 6, 2022 4:32:45 PM
**To:** Gautier Kitchen <gautier@kitchen-law.com>; Jordana Haviv <jhaviv@rochefreedman.com>; Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>; Velvel Freedman <vel@rochefreedman.com>; reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Meet and Confer

3pm ET tomorrow works on our end. I'll circulate a calendar invite shortly.

Best,

**Maya S. Jumper**
Associate
Roche Freedman LLP
99 Park Avenue, Suite 1910
New York, New York 10016
(t) (646) 970-7524
(@) mjumper@rochefreedman.com

---

**From:** Gautier Kitchen <gautier@kitchen-law.com>
**Date:** Tuesday, April 5, 2022 at 9:46 PM
**To:** Maya Jumper <mjumper@rochefreedman.com>, Jordana Haviv <jhaviv@rochefreedman.com>, Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Meet and Confer

**[EXTERNAL SENDER]**

I apologize. I have been in Jacksonville all day in deposition. I am available Thursday afternoon. How does 3:00 work? Jeremy, when are you available?

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

**From:** Maya Jumper <mjumper@rochefreedman.com>
**Sent:** Tuesday, April 5, 2022 6:11:27 PM
**To:** Jordana Haviv <jhaviv@rochefreedman.com>; Jeremy Reynolds <tannis11@gmail.com>; Gautier Kitchen <gautier@kitchen-law.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>; Velvel Freedman <vel@rochefreedman.com>; reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Meet and Confer

Gautier,

We still have not received a response from you or Jeremy regarding your availability for a meet and confer this week. Please propose a time for a call this Thursday afternoon.

Also, attached is a Notice of Deposition for your client.

Best,

**Maya S. Jumper**
Associate
Roche Freedman LLP
99 Park Avenue, Suite 1910
New York, New York 10016
(t) (646) 970-7524
(@) mjumper@rochefreedman.com

---

**From:** Jordana Haviv <jhaviv@rochefreedman.com>
**Date:** Thursday, March 31, 2022 at 4:17 PM
**To:** Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Gautier Kitchen <gautier@kitchen-law.com>, Kyle Roche <kyle@rochefreedman.com>, Maya Jumper <mjumper@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Meet and Confer

What time works for a meet and confer teleconference on Monday?

**Jordana Haviv**
Partner
Roche Freedman LLP
99 Park Avenue, 19th Floor
New York, NY 10016
(t) (646) 437-7639
(m) (917) 623-0757
(@) jhaviv@rochefreedman.com

**From:** Jeremy Reynolds <tannis11@gmail.com>
**Date:** Thursday, March 31, 2022 at 4:08 PM
**To:** Jordana Haviv <jhaviv@rochefreedman.com>
**Cc:** Gautier Kitchen <gautier@kitchen-law.com>, Kyle Roche <kyle@rochefreedman.com>, Maya Jumper <mjumper@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, "reringer@lentolawgroup.com" <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Meet and Confer

**[EXTERNAL SENDER]**

Hey Jordana,

Yes I'm happy to try to work through this and will be as transparent as possible.

On Thu, Mar 31, 2022 at 3:48 PM Jordana Haviv <jhaviv@rochefreedman.com> wrote:

> Gautier, Jeremy: Are you free to meet and confer Monday? In the interim, and given the expedited time frame we have for discovery in this matter, can you at least provide assurances that you intend to comply with the Court's order? If you can do that, we can agree to hold off temporarily on contacting the Court.
>
> **Jordana Haviv**
> Partner
> Roche Freedman LLP
> 99 Park Avenue, 19th Floor
> New York, NY 10016
> (t) (646) 437-7639
> (m) (917) 623-0757
> (@) jhaviv@rochefreedman.com

**From:** Jeremy Reynolds <tannis11@gmail.com>
**Date:** Thursday, March 31, 2022 at 2:59 PM
**To:** Gautier Kitchen <gautier@kitchen-law.com>
**Cc:** Maya Jumper <mjumper@rochefreedman.com>, Jordana Haviv <jhaviv@rochefreedman.com>, Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, "reringer@lentolawgroup.com" <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Meet and Confer

**[EXTERNAL SENDER]**

I've got a two day trial.

On Thu, Mar 31, 2022 at 2:15 PM Gautier Kitchen <gautier@kitchen-law.com> wrote:

> I am available tomorrow afternoon. Jeremy?
>
> Sent from my Verizon, Samsung Galaxy smartphone
> Get Outlook for Android

**From:** Maya Jumper <mjumper@rochefreedman.com>
**Sent:** Thursday, March 31, 2022 9:47:04 AM
**To:** Gautier Kitchen <gautier@kitchen-law.com>; Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Jordana Haviv <jhaviv@rochefreedman.com>; Kyle Roche <kyle@rochefreedman.com>; Velvel
Freedman <vel@rochefreedman.com>; reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Meet and Confer

Gautier/Jeremy - please provide your availability for a meet and confer concerning your noncompliance with
the Court's order during the time frame referenced below by noon ET today, or we will seek
judicial intervention.

**Maya S. Jumper**

Associate

_____

Roche Freedman LLP

99 Park Avenue, Suite 1910

New York, New York 10016

(t) (646) 970-7524

(@) mjumper@rochefreedman.com

---

**From:** Gautier Kitchen <gautier@kitchen-law.com>
**Date:** Wednesday, March 30, 2022 at 4:08 PM
**To:** Maya Jumper <mjumper@rochefreedman.com>, Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Jordana Haviv <jhaviv@rochefreedman.com>, Kyle Roche <kyle@rochefreedman.com>, Velvel
Freedman <vel@rochefreedman.com>, reringer@lentolawgroup.com
<reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Meet and Confer

**[EXTERNAL SENDER]**

Let me look into it. Jeremy, please see that this gets your urgent attention.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

**From:** Maya Jumper <mjumper@rochefreedman.com>
**Sent:** Wednesday, March 30, 2022 4:59:43 PM
**To:** Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Gautier Kitchen <gautier@kitchen-law.com>; Jordana Haviv <jhaviv@rochefreedman.com>; Kyle Roche <kyle@rochefreedman.com>; Velvel Freedman <vel@rochefreedman.com>; reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Meet and Confer

Mr. Kitchen,

We received your correspondence, sent Monday, March 28 at 9:34pm ET, containing "Defendants [sic] Responses and Objections to Plaintiff's First Set Of Interrogatories and Request for Production" and three documents labeled as Exhibits A, B, and C. Upon review of your submission, Defendant has failed to comply with the Court's March 14 Order, ECF No. 35, and the Parties' agreement regarding amendments to Defendant's responses and the method of production of documents in this matter.

1. Defendant's Non-compliant "Amended" Responses to Plaintiff's First Set of Interrogatories and RFPs

As Defendant is aware, on March 14, 2022, Judge Otazo-Reyes ordered Defendant to "amend his Answers to Interrogatories Nos. 7 and 9 of Plaintiff's First Set of Interrogatories, as discussed at the hearing[.]" *See* ECF No. 35 at 1 ¶ 1. During the March 14 hearing, Judge Otazo-Reyes heard from both sides regarding the production of information responsive to Interrogatory Nos. 7 and 9 and ordered Defendant to produce "records of such contracts" responsive to Interrogatory No. 7 and information regarding the amount of money/assets offered in connection with the contracts at issue in Interrogatory Nos. 7 & 8, in response to Interrogatory No. 9. *See* March 14 Hearing Transcript ("Tr.") at 9:8-10:3. Contrary to the Court's Order, counsel for Defendant has resubmitted the same responses to Plaintiff's Interrogatories without amendment, four days after the Court-imposed deadline.

Neither Defendant nor counsel for Defendant has complied with the Court's Order requiring a signed Jurat confirming the veracity of the statements included in Defendant's responses. *See* ECF No. 35 at 1 ¶ 1. Until we receive a signed Jurat from Defendant, Plaintiff is unable to accept Defendant's responses as sworn statements.

Additionally, Defendant was ordered to "amend his responses to Requests Nos. 4, 7, and 10 of Plaintiff's First Request for Production" by March 24 and "produce documents responsive to Plaintiff's Requests for Production Nos. 3 and 5, in lieu of the previously provided internet links" by March 28. *See* ECF No. 35 at 2 ¶¶ 2-3.

In response to RFP Nos. 4, 7, and 10, Defendant now asserts, in direct contradiction to his earlier responses, that "Defendant has no responsive documents in its [sic] possession, custody, or control, other than those that have already been produced to Plaintiff in the Turkish cases." Defendant cites no authority, and Plaintiff knows of none, in support of his assertion that production of discovery in one matter absolves a party of its obligation to produce relevant and responsive documents in another. Further, any burden associated with production here is minimal, as Defendant has already acquired and prepared these admittedly relevant documents for production in another matter.

In response to RFP Nos. 3 & 5, Defendant has failed to produce any responsive documents and resubmits the same internet links explicitly prohibited by the Court in its March 28 Responses. Defendant's recitation of the same internet links also demonstrates a complete disregard for the agreed-upon method of production of ESI discussed at length and agreed to by the Parties during the March 18 Court-ordered meet and confer.

1. Meet and Confer

We write to make one final attempt to meet and confer with Defendant this week regarding the above deficiencies, among other outstanding discovery issues.

Please provide your availability for a call on Friday (4/1) between 11am – 1pm ET. If no response is received by noon tomorrow, we will reengage the Court on the outstanding discovery issues and Defendant's continued non-compliance next week.

Regards,

**Maya S. Jumper**

Associate

_____
Roche Freedman LLP

99 Park Avenue, Suite 1910

New York, New York 10016

(t) (646) 970-7524

(@) mjumper@rochefreedman.com

---

**From:** Jeremy Reynolds <tannis11@gmail.com>
**Date:** Monday, March 28, 2022 at 9:48 PM
**To:** Maya Jumper <mjumper@rochefreedman.com>
**Cc:** Gautier Kitchen <gautier@kitchen-law.com>, Jordana Haviv <jhaviv@rochefreedman.com>,
Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>,
reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Meet and Confer

**[EXTERNAL SENDER]**

Please see attached:

On Mon, Mar 21, 2022 at 8:37 AM Maya Jumper <mjumper@rochefreedman.com> wrote:

Mr. Kitchen,

Thank you for a productive meet and confer on March 18. As discussed during the Parties' telephonic conference, the Parties have reached agreement on the following:

1.   In response to Judge Otazo-Reyes' Order concerning RFP Nos. 3 and 5, the Parties agree that Defendant will produce social media posts as Bates-stamped, PDF files that reflect the entirety of each relevant post made by Defendant, and any comments/replies thereto, including the time and date of each post, where available.

2.   Defendant agrees to conduct reasonable searches of all personal email accounts and text messages for communications and documents referencing Plaintiff, Plaintiff's cryptoasset (AVAX) and cryptocurrency platform (AVA and Avalanche), and this lawsuit. Plaintiff anticipates production of all non-privileged documents responsive to these searches on a rolling basis, to be completed by no later than March 29, unless an extension is otherwise requested by Defendant and agreed to by Plaintiff.

3.   In response to RFP Nos. 1, 2 and 9, Defendant agrees to produce all communications and documents between Defendant and any other person relating to the alleged defamatory statements or this Action, barring any assertion of privilege. Additionally, Defendant will produce the videos referenced in his response to RFP No. 2, with metadata (i.e., the date the videos were created, modified, transmitted, deleted or otherwise manipulated by any user), to the extent possible.

4.   Should Defendant maintain his objection to production in response to RFP No. 7, Plaintiff will seek additional information from Defendant in support of his objection to establish that the contents of responsive documents fall within the Court's definition of a trade secret.

5.   With respect to Interrogatory No. 5, Defendant agrees to make reasonable efforts to identify the "exclusive followers" referenced in his response to Interrogatory No. 5 and provide all ascertainable identifying information.

6.    Defendant will produce his amended and signed Interrogatory and RFP responses by the March 24 deadline set by Judge Otazo-Reyes, unless a one-day extension is requested by Defendant and agreed to by Plaintiff.

You also confirmed that Defendant has been made aware of his document preservation obligations and is complying with those obligations. Additionally, you agreed to send us dates of availability for Mr. Aksoy's deposition in May by Friday, March 25. We'll look out for those.

Regards,

Maya

---

**From:** Gautier Kitchen <gautier@kitchen-law.com>
**Date:** Thursday, March 10, 2022 at 3:01 PM
**To:** Jordana Haviv <jhaviv@rochefreedman.com>, Jeremy Reynolds <tannis11@gmail.com>, Maya Jumper <mjumper@rochefreedman.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

**[EXTERNAL SENDER]**

Thank you!

Sent from my Verizon, Samsung Galaxy smartphone

Get Outlook for Android

---

**From:** Maya Jumper <mjumper@rochefreedman.com>
**Sent:** Thursday, March 10, 2022 2:58:57 PM
**To:** Gautier Kitchen <gautier@kitchen-law.com>; Jordana Haviv <jhaviv@rochefreedman.com>; Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>; Velvel Freedman <vel@rochefreedman.com>; reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

The Court will circulate a conference dial-in once we've filed the Notice of Hearing (which we intend to file shortly).

**From:** Gautier Kitchen <gautier@kitchen-law.com>
**Date:** Thursday, March 10, 2022 at 2:56 PM
**To:** Maya Jumper <mjumper@rochefreedman.com>, Jordana Haviv
<jhaviv@rochefreedman.com>, Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>,
reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

**[EXTERNAL SENDER]**

What is the call-in number?

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Maya Jumper <mjumper@rochefreedman.com>
**Sent:** Thursday, March 10, 2022 2:44:08 PM
**To:** Jordana Haviv <jhaviv@rochefreedman.com>; Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>; Velvel Freedman <vel@rochefreedman.com>; Gautier Kitchen
<gautier@kitchen-law.com>; reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

Counsel –

The Court has set a hearing in this matter on Monday, March 14 at 1:30pm ET before Judge Otazo-Reyes.
Please find a Notice of Hearing attached.

Please also find attached a proposed stipulation requesting an extension of the discovery deadlines. If you
agree to the proposed extension, please confirm in writing by COB today.

Maya

---

**From:** Jordana Haviv <jhaviv@rochefreedman.com>
**Date:** Friday, March 4, 2022 at 4:03 PM
**To:** Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>,
Maya Jumper <mjumper@rochefreedman.com>, Gautier Kitchen <gautier@kitchen-law.com>,
reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

Jeremy: We spoke today with Judge Otazo-Reyes' clerk, who requested that the parties meet and confer
regarding the deficiencies in your discovery responses we raised below. If you will not do so, please at a
minimum confirm by noon on Monday, March 7 your availability for a hearing on the three dates and times
below so we can revert to Chambers with a mutually agreeable date:

Wednesday, March 9 (except for between 3 and 4pm)

Friday, March 11

Monday, March 14

Thank you,

Jordana

**Jordana Haviv**
Partner
_____
Roche Freedman LLP

99 Park Avenue, 19th Floor

New York, NY 10016

(t) (646) 437-7639

(m) (917) 623-0757

(@) jhaviv@rochefreedman.com

---

**From:** Maya Jumper <mjumper@rochefreedman.com>
**Date:** Wednesday, March 2, 2022 at 4:33 PM
**To:** Jordana Haviv <jhaviv@rochefreedman.com>, Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, Gautier Kitchen <gautier@kitchen-law.com>, "reringer@lentolawgroup.com" <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

Jeremy –

We are making one final attempt to confer with you pursuant to our obligations under the Scheduling Order, ECF No. 15, prior to seeking court intervention on the discovery issues identified below.

If we do not receive a response by tomorrow (Thursday, March 3) at noon ET, we will contact the Court to schedule a hearing.


Maya

---

**From:** Jordana Haviv <jhaviv@rochefreedman.com>
**Date:** Monday, February 28, 2022 at 7:41 PM
**To:** Jeremy Reynolds <tannis11@gmail.com>
**Cc:** Kyle Roche <kyle@rochefreedman.com>, Velvel Freedman <vel@rochefreedman.com>, Maya Jumper <mjumper@rochefreedman.com>, Gautier Kitchen <gautier@kitchen-law.com>, reringer@lentolawgroup.com <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

Jeremy: We have now made multiple requests that you provide your belated responses and objections to Plaintiff's first set of interrogatories and RFPs in signed, final form. You have not responded to our last two emails. As we stated on Friday, we plan to raise this issue with the Court.

We also would like to raise the following deficiencies in your specific responses.

- We requested, "All documents, communications, recordings, and/or materials relating to or referencing any requests or agreements, written or verbal, made between you and any third-party to promote or in any way affect the value or price of any crypto-asset." We also sought, "All documents and communications relating to acts made by you, or at your direction, to promote or with the anticipated result of promoting, any crypto-asset, either directly or indirectly, including through your Social Media accounts." Your unsworn response to both states "Will not share as they contain my trade secrets & not relevant to the defamation case at all." Relatedly, you have refused on relevance grounds to identify all persons and/or entities who have contracted with or compensated you to promote their crypto-assets even though you admit that you have been "contacted by hundreds of people every month for the past 4 years for promotional requests." Your promotion of or influence over any other crypto-assets is plainly relevant here. Specifically, whether and to what extent your defamation of Plaintiff was motivated by financial incentives to depress the price of AVAX relative to the price of other crypto-assets is central to the intent element of defamation and likewise, to Plaintiff's request for punitive damages.

- Additionally, we asked for "All documents related to your ownership or transactions in any crypto-asset, including, but not limited to, AVAX." Your unsworn response states, "Will not share my personal finances as they are not relevant to the case." Whether and to what extent you profited from your defamation of Plaintiff through trading in AVAX is relevant to this litigation.

If you will not agree to promptly provide the requested information, please let us know by close of business tomorrow (Tuesday, March 1) some times that work this week for a meet and confer pursuant to Local Rule 7.1. If you continue to ignore our emails, we intend to reach out to the Court this week to find a time to be heard on these issues.

Finally, given your client's responses that he doesn't "keep a record" of certain categories of information that are plainly relevant to this litigation, please confirm promptly that your client has been issued a document preservation notice and is complying with those obligations.

**Jordana Haviv**
Partner

Roche Freedman LLP

99 Park Avenue, 19th Floor

New York, NY 10016

(t) (646) 437-7639

(m) (917) 623-0757

(@) jhaviv@rochefreedman.com

---

**From:** Jordana Haviv <jhaviv@rochefreedman.com>
**Date:** Friday, February 25, 2022 at 1:04 PM
**To:** Jeremy Reynolds <tannis11@gmail.com>, Kyle Roche <kyle@rochefreedman.com>
**Cc:** Maya Jumper <mjumper@rochefreedman.com>, Gautier Kitchen <gautier@kitchen-law.com>, Velvel Freedman <vel@rochefreedman.com>, "reringer@lentolawgroup.com" <reringer@lentolawgroup.com>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

Jeremy: After granting you an extension to get your responses translated, we asked for signed, final versions of your discovery responses by close of business on Wednesday but have yet to receive them. As a reminder, these responses were due nearly two weeks ago. Please provide signed, final responses today or we will be forced to seek relief from the Court.

**Jordana Haviv**
Partner

Roche Freedman LLP

99 Park Avenue, 19th Floor

New York, NY 10016

(t) (646) 437-7639

(m) (917) 623-0757

(@) [jhaviv@rochefreedman.com](mailto:jhaviv@rochefreedman.com)

---

**From:** Jordana Haviv <[jhaviv@rochefreedman.com](mailto:jhaviv@rochefreedman.com)>
**Date:** Tuesday, February 22, 2022 at 9:23 AM
**To:** Jeremy Reynolds <[tannis11@gmail.com](mailto:tannis11@gmail.com)>, Kyle Roche <[kyle@rochefreedman.com](mailto:kyle@rochefreedman.com)>
**Cc:** Maya Jumper <[mjumper@rochefreedman.com](mailto:mjumper@rochefreedman.com)>, Gautier Kitchen <[gautier@kitchen-law.com](mailto:gautier@kitchen-law.com)>, Velvel Freedman <[vel@rochefreedman.com](mailto:vel@rochefreedman.com)>, "[reringer@lentolawgroup.com](mailto:reringer@lentolawgroup.com)" <[reringer@lentolawgroup.com](mailto:reringer@lentolawgroup.com)>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

Thanks Jeremy. Please provide a signed, final version of your responses by close of business tomorrow.

**Jordana Haviv**
Partner

_____
Roche Freedman LLP

[99 Park Avenue, 19](#)th Floor

New York, NY 10016

(t) (646) 437-7639

(m) (917) 623-0757

(@) [jhaviv@rochefreedman.com](mailto:jhaviv@rochefreedman.com)

---

**From:** Jeremy Reynolds <[tannis11@gmail.com](mailto:tannis11@gmail.com)>
**Date:** Monday, February 21, 2022 at 9:56 PM
**To:** Kyle Roche <[kyle@rochefreedman.com](mailto:kyle@rochefreedman.com)>
**Cc:** Maya Jumper <[mjumper@rochefreedman.com](mailto:mjumper@rochefreedman.com)>, Gautier Kitchen <[gautier@kitchen-law.com](mailto:gautier@kitchen-law.com)>, Jordana Haviv <[jhaviv@rochefreedman.com](mailto:jhaviv@rochefreedman.com)>, Velvel Freedman <[vel@rochefreedman.com](mailto:vel@rochefreedman.com)>, "[reringer@lentolawgroup.com](mailto:reringer@lentolawgroup.com)" <[reringer@lentolawgroup.com](mailto:reringer@lentolawgroup.com)>
**Subject:** Re: Sirer v. Aksoy - Discovery Requests

We will supplement with objections formatting etc  but I wanted to make sure I got this to you by my promised deadline.

1.   The information comes from a conference I attended called TUBITAK BILGEM 1. Ulusal Blokzincir Çalıştayı 2018. Held on April 2nd & 3rd 2018 in Ankara. During one of the breaks we chatted with some of the staff of the organization. I do not remember their names or their positions. During the chat the topic came to Emin Gün Sirer, and one of the guys said that they wanted to invite him to the conference too, but then they decided not to because they heard that he may be affiliated with FETO.

2.   I do not believe he is a member of FETO, I have only shared a speculation that was communicated to me during a chit-chat at the conference. There are some Tweets Emin Gün Sirer posted back in the day that mocks Erdoğan, supports the FETO driven Coup attempt and makes fun of the regime in Turkey. They have made me think that what I heard in the conference might actually be true. Here are the Tweets:

https://twitter.com/el33th4xor/status/754090458792529920

https://mobile.twitter.com/el33th4xor/status/793057848825643012

https://twitter.com/el33th4xor/status/840954566426292224
https://twitter.com/el33th4xor/status/754072936420610048

3.      It is not possible to identify who was present at the time of publication. YouTube does not provide personal details of the viewers.

4.   I do not know Emin Gün Sirer personally. We have never met and I never had an interaction with him.

5.   I have only issued two live-chat videos for my exclusive followers on January 13th 2021 and February 18th 2021 that is the basis of this lawsuit. Emin Gün's Turkish lawyer Sima Baktaş reached out and asked me to remove the videos. After I removed the videos, Sima still went on with their lawsuits in Turkey for defamation. She said that removing the videos doesn't make the crime go away. I was pissed at their ill behavior, they were trying to punish me for not endorsing their project AVAX. So I decided to find flaws and expose them for their own lies in their marketing as a counter-strike. I may have made some other statements about Emin Gün Sirer in these publications, which I will provide in the RFP's.

6.   Here are my channel links. There is no way for me to identify my followers as this information is not provided to me by Facebook, Twitter, Telegram or YouTube.

www.youtube.com/kriptoemre

www.t.me/kriptoemre

www.twitter.com/kriptoemre

www.facebook.com/kriptoemre

7.      I don't think that this is relevant to the case. I am contacted by hundreds of people every month for the past 4 years for promotional requests. I do not keep a record of these inquiries and won't be able to identify all of them.

8.  Nobody has asked me to manipulate the price of AVAX, or any other crypto-asset, that's not something I do.

There was no scheme to depress the price of Avalanche at all. On February 10th of 2021, Avalanche $AVAX network collapsed for more than a day. But this didn't reflect on the price of the coin immediately, because people weren't able to move their coins to exchanges from wallets. You can check this Reddit thread for proof: https://www.reddit.com/r/CryptoCurrency/comments/lhd3lz/avalanche_avax_has_been_having_network_issues_for/

Their network was dead, and as soon as I heard this news I knew that this was going to be punished by investors and traders in the market, so I told my followers that it might be a good idea to short $AVAX. I was right about my prediction, as their token price dropped dramatically for days after the incident.

$AVAX has a flawed technology and has been facing issues constantly. On May 4, they faced another shortage of service to their wallets this time:

https://coinstats.app/news/3tBv6WiL7A_Avalanche-Web-Wallet-Stalls-For-6-Hours-After-Avalaunch-Airdrop-Snapshot?utm_medium=Organic&utm_source=coinstats

I do not engage in market manipulation and I never had an agenda of depressing the price of any coin. Alienating crypto-asset companies is bad for my business, why would I want to piss off someone for the benefit of another sponsor? I do not pick sides, it's not in the nature of what I do on my channels.

9.      I will not be disclosing the financials of these promotional deals as they are not relevant to this case.

10.  There are no reasons or motives to make such a statement, as it wasn't me who initiated the subject on my YouTube channel. I did not claim that he was a member of FETO. The videos in question were hour long semi-private live broadcasts I hosted on my YouTube channel for my close followers in Turkey. Only people who contributed to my channel via the "join" feature were able to view it. During the live broadcast, one of my contributors asked what I know about their project $AVAX and I laid out the pros and cons for just a couple of minutes. I have also shared a story of mine about Emin Gün Sirer during a Turkish Government sponsored cryptocurrency conference. It wasn't an accusation or an act of defamation, I explicitly told that it was a rumor and we cannot know if it is true or not. So the question came from the audience, I didn't even initiate the subject on my own.

1. There is none.

2. There is none apart from the videos.

3. https://twitter.com/el33th4xor/status/754090458792529920

https://mobile.twitter.com/el33th4xor/status/79305784825643012

https://twitter.com/el33th4xor/status/840954566426292224
https://twitter.com/el33th4xor/status/754072936420610048


4.      Will not share as they contain my trade secrets & not relevant to the defamation case at all.

5. Here is what I am able to locate:
https://www.youtube.com/watch?v=OFcFyIEoIQI&ab_channel=KriptoEmre
https://twitter.com/kriptoemre/status/1372118986364743682
https://twitter.com/kriptoemre/status/1397271347680747526
https://twitter.com/kriptoemre/status/1397277912794030083
https://twitter.com/kriptoemre/status/1360699660667609092
https://t.me/kriptoemre/962


6. There is none.

7. Will not share as they contain my trade secrets & not relevant to the defamation case at all.

8. There is none.

9. I don't understand. They are not asking for our private communications right? Because there is none apart from that.

10. Will not share my personal finances as they are not relevant to the case.

11. Already provided in #5

12. I don't keep a record of that. Everything that's published and live can be found on my social accounts.


On Fri, Feb 18, 2022 at 4:42 PM Jeremy Reynolds <tannis11@gmail.com> wrote:

THank you for your patience and understanding.


On Fri, Feb 18, 2022 at 4:38 PM Kyle Roche <kyle@rochefreedman.com> wrote:

We are willing to wait until Monday to review your responses.

(@) [kyle@rochefreedman.com](mailto:kyle@rochefreedman.com)

---

**From:** Jeremy Reynolds <[tannis11@gmail.com](mailto:tannis11@gmail.com)>
**Date:** Friday, February 18, 2022 at 8:05 AM
**To:** Kyle Roche <[kyle@rochefreedman.com](mailto:kyle@rochefreedman.com)>
**Cc:** Maya Jumper <[mjumper@rochefreedman.com](mailto:mjumper@rochefreedman.com)>

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.