## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-22280-BLOOM/Otazo-Reyes

EMIN GÜN SIRER,

      Plaintiff,

v.

EMRE AKSOY,

      Defendant.

_____/

## ORDER ON MOTION FOR SANCTIONS

**THIS CAUSE** is before the Court upon Plaintiff Emin Gün Sirer's ("Plaintiff" or "Sirer") Motion for Sanctions, ECF No. [53] ("Motion"). Defendant Emre Aksoy ("Defendant" or "Aksoy") did not file a response. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### I.    BACKGROUND

This case involves a claim for defamation arising from statements Aksoy allegedly made on social media accusing Plaintiff of being a member of a terrorist organization. Plaintiff is the founder and CEO of Ava Labs, which built and launched Avalanche, a blockchain-based and open-source platform for launching decentralized applications. ECF No. [1] at ¶¶ 13-14. Transactions in Avalanche rely on a crypto-asset called AVAX, which can be bought and sold on various crypto-asset exchanges. *Id*. ¶¶ 14-15. According to the Complaint, Defendant is a "product marketing expert" and "crypto thought leader," who maintains an active social media presence through

YouTube and Telegram channels. *Id.* ¶¶ 16-17. Defendant also is paid by issuers of some of the crypto-assets he promotes. *Id.* ¶ 19. Defendant is located in Turkey.

As set forth in the Motion and attachments, ECF Nos. [53-1] – [53-4], after the Court denied Aksoy's Motion to Dismiss, *see* ECF No. [23], Plaintiff served counsel for Aksoy with his First Set of Requests for Production of Documents ("RFPs") and First Set of Interrogatories ("Interrogatories") on January 14, 2022 (together, the "Discovery Requests"). Aksoy's responses and objections were due on February 14, 2022. On February 15, 2022, when Aksoy failed to timely respond, Plaintiff contacted counsel for Aksoy to inquire about the status of Aksoy's untimely responses to the Discovery Requests. ECF No. [33] at 1. On February 17, 2022, counsel represented that Aksoy would submit his responses and objections by February 18, 2022. *Id.* On February 18, 2022, Aksoy submitted responses only as to Plaintiff's Interrogatories, and via email in Turkish without attestation from Aksoy. *Id.* at 13-16. Later that morning, Plaintiff requested that Aksoy produce complete responses to the Discovery Requests in English. *Id.* at 12. In addition, Plaintiff agreed to a further extension for Aksoy to produce compliant discovery responses by the close of business on February 21, 2022. *Id.* at 11.

On February 21, 2022, Aksoy produced responses to the Discovery Requests in English, but again without attestation from Aksoy. *Id.* at 8-10. In addition to the improper manner of production, Plaintiff asserted that many of Aksoy's responses were substantively deficient. Aksoy did not agree to produce any responsive documents, objected to the production of relevant documents and information, and admitted that he failed to retain certain information relevant to the claims and defenses. *Id.* at 2. On March 10, 2022, after multiple unsuccessful attempts to meet and confer, Plaintiff noticed the parties' discovery disputes for hearing before United States Magistrate Judge Alicia M. Otazo-Reyes. *See id.*

Following a hearing held on March 14, 2022, Judge Otazo-Reyes issued an order directing Aksoy to: amend his answers to certain Interrogatories to provide responsive information in Aksoy's control, and serve a complete set of responses compliant with Federal Rule of Civil Procedure 34, including a signed jurat by March 24; amend his answers to certain RFPs by March 24, and produce documents responsive to those requests by March 29; meet and confer with Plaintiff's counsel to agree upon a method for the production of documents responsive to certain RFPs; and produce all documents responsive to the RFPs by April 13. *See* ECF No. [35] ("First Discovery Order"). As of the date of filing the Motion, Plaintiff asserts that Aksoy has completely failed to comply with the First Discovery Order.

On April 5, 2022, Plaintiff served Aksoy's counsel with notice of Aksoy's deposition, to be held remotely on May 25, 2022. *See* ECF No. [53-2] at 6. On April 18, 2022, after numerous attempts to confer with counsel for Aksoy regarding Aksoy's non-compliance with the Court's First Discovery Order, Plaintiff sought additional relief from the Court. *See* ECF No. [40].

Judge Otazo-Reyes held another hearing on April 21, 2022. At the hearing, counsel for Aksoy represented to the Court that Aksoy "has nothing further to produce." *See* ECF No. [52] at 4, 7. According to Plaintiff, at the time of counsel's representation, Aksoy had produced no documents, except three unresponsive documents related to a foreign matter.

Aksoy was represented by counsel in this case until the Court permitted his counsel's withdrawal on May 3, 2022. *See* ECF No. [50] ("Withdrawal Order"). In granting his counsel's request to withdraw, the Court set a deadline of May 16, 2022 for Aksoy to either retain new counsel or inform the Court of his intention to proceed *pro se*. *Id*. The record reflects that to date Aksoy has failed to comply.

On May 19, 2022, Plaintiff sent email correspondence to Aksoy requesting a meet and confer, to remind Aksoy of his non-compliance with the Withdrawal Order, and to raise Plaintiff's intent to seek entry of default. *See* ECF No. [53-4]. According to Plaintiff, the email did not bounce back or return undelivered. A copy of the email and attachment was also sent via Federal Express on May 19, 2022 to Aksoy at the address provided by his prior counsel. On May 31, 2022, Plaintiff again contacted Aksoy via email to inform him that he failed to appear and did not inform Plaintiff that he did not intend to appear for his May 25, 2022 deposition. *See* ECF No. [53-5]. Plaintiff offered to reschedule the deposition to a date convenient for Aksoy. *Id*. As of the time of filing the Motion, Plaintiff has not received a response from Aksoy regarding the request to meet and confer or to reschedule his deposition.

In the Motion, Plaintiff now requests that the Court impose sanctions against Aksoy pursuant to Rule 37(b)-(d) and Rule 26(g) of the Federal Rules of Civil Procedure for Aksoy's failure to comply with Court orders and refusal to participate in discovery.

## II.    LEGAL STANDARD

Courts have broad discretion to control discovery. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). "This power includes the ability to impose sanctions on uncooperative litigants." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citing Fed. R. Civ. Pro. 37(b)(2)(C)). "'Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process.'" *United States v. One 32' Scorpion Go-Fast Vessel*, 339 F. App'x 903, 905 (11th Cir. 2009) (quoting *Gratton v. Great Am. Commc'n*, 178 F.3d 1373, 1374 (11th Cir. 1999)) (per curiam); *see First Coast Energy, L.L.P. v. Mid-Continent Cas. Co.*, No. 3:12-cv-281-J-32MCR, 2015 WL 5159140, at *5 (M.D. Fla. Sept. 2, 2015) ("The prejudice sustained by the requesting party due to the discovery violations may be a relevant factor

to consider."). "The severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *One 32'-Scorpion Go-Fast Vessel*, 339 F. App'x at 905 (internal alternation and quotations omitted).

## III.   DISCUSSION

In the Motion, Plaintiff specifically requests the entry of default and an award of attorney's fees for Aksoy's failure to comply with the First Discovery Order and the Withdrawal Order, ECF Nos. [35] and [50]; for failure to cooperate in discovery; and for his refusal to participate in scheduling or attending his own deposition. Aksoy did not respond to the Motion, despite the Court providing him additional time beyond the initial deadline. *See* ECF No. [54]. Under the Local Rules, Aksoy's failure to respond may be deemed sufficient cause to grant the Motion by default. *See* S.D. Fla. L.R. 7.1(c). Nevertheless, the Court considers the merits of the Motion, and determines that the sanctions Plaintiff requests under both Rule 37(b) and Rule 26(g) are warranted for Aksoy's failure to comply with the First Discovery Order, and under Rule 37(d) for his failure to participate in his deposition.[1]

Rule 37 authorizes a court to impose sanctions "as are just" against a party that violates a discovery order. Fed. R. Civ. P. 37(b)(2)(A). Included in the list of possible sanctions is an order striking a defendant's answer and entering a default. Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). "[C]ourts enjoy substantial discretion in deciding whether and how to impose sanctions under Rule 37." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). However, "[v]iolation

---

[1] To the extent that Plaintiff argues that he is entitled to sanctions under Rule 37 for Aksoy's failure to comply with Withdrawal Order, Plaintiff is mistaken. Rule 37 applies to "discovery" orders, which the Withdrawal Order unquestionably is not—rather, the Withdrawal Order required that Aksoy either retain new counsel or advise the Court of his intention to proceed *pro se* by a date certain. In any event, because the Court determines that sanctions are warranted with respect to the First Discovery Order, the Court does not separately consider whether sanctions are warranted by Aksoy's failure to comply with the Withdrawal Order.

of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgement or dismissal . . . [T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less draconian sanctions would not ensure compliance with the court's orders." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (citations omitted).

### A.  Failure to Comply with the First Discovery Order

Plaintiff argues that Aksoy has willfully failed to comply with the First Discovery Order, which required, in pertinent part, that he (1) amend his responses to Interrogatories 7 and 9, and RFPs 4, 7, and 10; (2) produce all responsive documents: and, (3) serve his responses and objections with a signed jurat. *See* ECF No. [35]. The Court considers each purported failure in turn.

First, Plaintiff asserts that Aksoy's former counsel served amended responses to the Discovery Requests that included boilerplate objections, and responses that the Court already ruled inadequate. Upon review, the Court agrees that Aksoy willfully failed to comply with the First Discovery Order by failing to properly or meaningfully amend his responses to the Discovery Requests in accordance with Judge Otazo-Reyes's guidance and directives at the March 14, 2022 hearing.

For example, in response to Interrogatory Number 7, which requested identification of "all persons and/or entities who have asked, contracted, retained and/or compensated you to promote, highlight or recommend their crypto-assets or crypto-assets to which they are affiliated, own, or hold, to other third parties, either directly or through your social media accounts," ECF No. 39 at 7-8, Aksoy responded, "I don't think that this is relevant to the case. I am contacted by hundreds of people every month for the past 4years for promotional requests. I do not keep a record of these

inquiries and won't be able to identify all of them." ECF No. [33] at 9. At the March 14, 2022 hearing, counsel for Aksoy stated that Aksoy "will certainly say people that have hired him, he has a contract with or anything of that nature, but everyone who's contacted him he has no record of." ECF No. [39] at 8. Despite counsel's representation at the hearing, Aksoy's amended response to Interrogatory 7 remained the same as his original response. *See* ECF No. [40-1] at 14.

Second, the record reflects that Aksoy has failed to produce documents responsive to the Discovery Requests, which his counsel agreed to produce following conferral with Plaintiff. *See* ECF No. [40-2] at 2.[2] Plaintiff asserts that Aksoy has produced nothing in this case, other than two documents in English pertaining to what appears to be a complaint by Plaintiff against him in Turkey, and a third document in Turkish. ECF No. [40-1]. Moreover, Aksoy through his counsel has claimed inconsistently that he had responsive documents or communications in his custody or control, which he agreed to produce, *see* ECF No. [39] at 17, and later claimed that he had nothing further to produce, *see* ECF No. [52] at 7. The Court finds this to be particularly troubling, and indicative of an attempt to deliberately frustrate the discovery process.

Third, while Aksoy's amended responses to the Discovery Requests were signed by counsel, the counsel who signed was not Aksoy's counsel of record, and therefore, the amended responses failed to comply with the Federal Rules of Civil Procedure. Pursuant to the Rules, "[e]very disclosure . . . and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name[.]" Fed. R. Civ. P. 26(g). The Rules provide further that "[i]f a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf

---

[2] "In response to Judge Otazo-Reyes' Order concerning RFP Nos. 3 and 5, the Parties agree that Defendant will produce social media posts as Bates-stamped, PDF files that reflect the entirety of each relevant post made by Defendant, and any comments/replies thereto, including the time and date of each post, where available."

the signer was acting, or both." *Id*. Here, counsel of record for Aksoy at the time was Rook Elizabeth Ringer, whom the Court subsequently permitted to withdraw. However, the amended responses were signed by Gautier Kitchen, who did not formally enter an appearance on behalf of Aksoy at any point in this case. This constitutes a clear violation of Rule 26(g), for which Aksoy has provided no justification, and for which the Court finds there is none. Accordingly, the Rule requires that the Court impose appropriate sanctions. *See* Fed. R. Civ. P. 26(g); *Chudasama*, 123 F.3d at 1372 ("The decision whether to impose sanctions under Rule 26(g)(3) is not discretionary.").

### B.  Failure to Attend or Participate in Scheduling Deposition

Plaintiff also argues that sanctions are warranted under Rule 37(d), because despite proper notice, Aksoy failed to participate in his deposition scheduled on May 25, 2022. Under the Rules, "[t]he court where the action is pending may, on motion, order sanctions if: a party . . . fails, after being served with proper notice, to appear for that person's deposition[.]" Fed. R. Civ. P. 37(d)(1)(A)(i). Upon review, the Court finds that Aksoy's failure to attend his deposition was also willful because the record supports that Aksoy received proper notice. The record reflects that on April 5, 2022, Plaintiff served a notice of deposition upon Aksoy's counsel at the time. *See* ECF No. [53-2] at 6. In addition, Aksoy's counsel of record confirmed in correspondence with Plaintiff on April 27, 2022 that she would "make sure that he knows about the deposition[.]" *Id*. at 2. Moreover, after Aksoy's counsel withdrew and Aksoy failed to appear for deposition on May 25, 2022, Plaintiff attempted to coordinate with Aksoy regarding rescheduling his deposition. *See* ECF No. [53-5] at 2. Plaintiff received no response from Aksoy and Plaintiff asserts that his correspondence did not bounce back or return as undeliverable. Therefore, the Court finds in addition that Aksoy's failure to attend his deposition was not substantially justified.

### C. Sanctions

Having found that Aksoy has willfully violated Rule 37(b) by failing to comply with the First Discovery Order, Rule 37(d) by failing to attend his deposition, and Rule 26(g), the Court must next consider whether the sanctions requested by Plaintiff—entry of default and attorney's fees—are warranted.

### i.   Default

"In order to impose the extreme sanction of a default . . . under Rule 37(b), the Court must find '(1) that the party exhibited a willful or bad faith failure to obey a discovery order; (2) that the moving party was prejudiced by that violation; and (3) that a lesser sanction would fail to punish the violation adequately and would not ensure future compliance with court orders.'" *Archer v. Air Jamaica*, 268 F.R.D. 401, 405 (S.D. Fla. 2010) (quoting *Inmuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 571 (S.D. Fla. 2001)).

As previously noted, the record supports a finding that Aksoy's violation of the First Discovery Order and his failure to attend his deposition were willful. In pertinent part, Judge Otazo-Reyes provided guidance at the March 14, 2022 hearing with respect to compliance with the Discovery Requests, which Aksoy subsequently failed to follow in serving his amended responses. Moreover, the inconsistencies regarding the existence and production of responsive documents evinces an effort to avoid complying with applicable discovery obligations. Aksoy appears to have abandoned any intention of participating further in this case, since he has neither responded to Plaintiff's efforts to confer since his counsel withdrew, nor has he responded to the Motion. As such, the Court finds that the first prong justifying the sanction of default is met. *See Sprint Sols., Inc. v. Fils-Amie*, 83 F. Supp. 3d 1290, 1298 (S.D. Fla. 2015) ("[F]ailing to appear for a noticed deposition, failing to respond appropriately to written discovery requests, motions,

and court-ordered briefing, and finally by refusing to participate further in these proceedings . . . easily support a finding of bad faith.").

The Court also finds that the second prong—prejudice to Plaintiff—is met. The record reflects that Plaintiff has diligently attempted, both by corresponding with Aksoy's former counsel (then Aksoy himself) and requesting relief through the Court, to obtain pertinent discovery since February, 2022. Aksoy's violations and non-compliance necessitated the extension of the Scheduling Order deadlines, *see* ECF Nos. [49]. [51]. Moreover, Aksoy's failure to comply with the First Discovery Order or to attend his deposition, despite Plaintiff's continued efforts to gain his cooperation and compliance, leaves Plaintiff without potential evidence which Plaintiff believes to be critical to proving the claim against Aksoy. At the very least, Aksoy's failure to comply has prejudiced Plaintiff by unnecessarily prolonging this case and requiring Plaintiff to spend over five months attempting to gain his compliance in discovery, instead of focusing on the merits.

Finally, the Court finds that any sanction less than default would fail to punish Aksoy's violations and would not ensure his future compliance. Aksoy's responses to the Discovery Requests demonstrate that despite the First Discovery Order, and discovery obligations under the Rules, Aksoy has sought to only selectively comply and has continued to provide evasive responses. *See, e.g.*, ECF No. [40-1] at 14, 15 ("I don't think this is relevant to the case." "I will not be disclosing the financials of these promotional deals as they are not relevant to the case."). Moreover, once Aksoy's counsel withdrew, Aksoy has failed to participate further in this case. He failed to respond to the Withdrawal Order directing that he either retain new counsel or inform the Court that he intends to proceed *pro se*, he has failed to respond to Plaintiff's communications, and he failed to respond to the Motion despite the Court's granting him additional time in which

to do so. As such, there is no indication that a lesser sanction would adequately serve the goals of punishment and deterrence in this case.

### ii. Attorney's Fees

Plaintiff also requests an award of attorney's fees in connection with Aksoy's misconduct during the discovery proceedings. Rule 37 directs that the Court must award reasonable expenses for the failure to comply with a discovery order[3] or the failure to attend deposition.[4] In addition, Rule 26 requires the court to enter appropriate sanctions for providing an improper certification, which may include an award of reasonable expenses.[5] For the reasons already set forth in the Court's analysis above, the Court concludes that Aksoy's failure to comply with his discovery obligations in this case is not substantially justified. Moreover, there are no other circumstances evident in the record to indicate that an award of expenses in this case for Aksoy's failure to comply would be unjust.

Accordingly, the Court concludes that Plaintiff is entitled to an award of attorney's fees for Aksoy's failure to comply with the First Discovery Order, including his failure to provide the requisite certification under Rule 26(g), and for failing to attend his properly noticed deposition.

---

[3] "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

[4] "Instead of or in addition to these sanctions [listed in Rule 37(b)(2)(A)(i)-(vi)], the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

[5] "If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3).

Case No. 21-cv-22280-BLOOM/Otazo-Reyes

## IV.    CONCLUSION

For the foregoing reasons, the Motion, **ECF No. [53]**, is **GRANTED**, as follows:

1.  The Clerk of Court is directed to **STRIKE** Aksoy's Answer and Affirmative Defenses, **ECF No. [26]** and enter **DEFAULT** against Aksoy.

2.  Plaintiff shall file a notice, setting forth the reasonable attorney's fees incurred as a result of Aksoy's failure to comply with the First Discovery Order and failure to attend his deposition for the Court's consideration, **no later than August 12, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 5, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Emre Aksoy
Mutlukent Mah 1921
Cad. No: 21
Ankara
Turkey