UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-22280-BLOOM/Otazo-Reyes**

EMIN GÜN SIRER,

    Plaintiff,

v.

EMRE AKSOY,

    Defendant.

_____/

## ORDER ON MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Emin Gün Sirer's ("Plaintiff") Motion for Default Final Judgment, ECF No. [64] ("Motion"). This case involves a claim or defamation arising from statements allegedly made by Defendant Emre Aksoy ("Defendant" or "Aksoy") on social media accusing Plaintiff of being a member of a terrorist organization. Plaintiff filed the Complaint on June 22, 2021, ECF No. [1], and service was executed upon Aksoy on July 6, 2021. ECF No. [10]. Aksoy was represented by counsel in this case until the Court permitted his counsel's withdrawal on May 3, 2022. ECF No. [50]. Thereafter, Aksoy did not retain new counsel, nor did he inform the Court of his intention to proceed *pro se*. Following several failures to comply with Court orders and respond to and participate in discovery, Plaintiff requested that the Court enter sanctions against Aksoy. *See* ECF No. [53]. After a full consideration of the record presented, the Court granted Plaintiff's request for sanctions, and entered an order striking Aksoy's pleadings and directing the Clerk to enter default. *See* ECF No. [55]. The Clerk entered default against Askoy on August 6, 2022. ECF No. [57].

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. This Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. *See, e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction).

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp.

2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

Upon review, the Court finds a sufficient basis in the Complaint to enter default judgment in Plaintiff's favor with respect to liability. Because Defendant has defaulted, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint, the Court finds Plaintiff's allegations well-pled and sufficient to establish Defendant's liability. By default, Defendant has admitted the truth of the allegations, and the Court finds that Plaintiff has established his claim of defamation against Defendant.

In the Motion, Plaintiff also requests an award of $17,397,818.00 in unliquidated compensatory damages and prejudgment interest for Aksoy's statements' negatively impacting Plaintiff's reputation and the value of AVAX. "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Rickey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). Here, since Plaintiff is seeking unliquidated damages, an evidentiary hearing pursuant to Rule

55(b)(2) is required to determine damages. *Adolph Coors Co. v. Movement Against Racism & the Klan,* 777 F.2d 1538, 1543 (11th Cir. 1985) (A default judgment "awarding cash damages [cannot] be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." (citations and quotations omitted)); *see also Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [64]**, is **GRANTED IN PART** as follows:

1. Plaintiff's Motion for Default Final Judgment is granted as to liability.

2. Because a hearing to determine Plaintiff's damages is necessary, this case will remain on the October 24, 2022 trial calendar, and the parties shall appear at **calendar call on Tuesday, October 18, 2022 at 1:45 p.m.** in Courtroom 10-2 at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 17, 2022.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record

Emre Aksoy
Mutlukent Mah 1921
Cad. No: 21
Ankara
Turkey