UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22280-BLOOM/Otazo-Reyes

EMIN GÜN SIRER,

    Plaintiff,

v.

EMRE AKSOY,

    Defendant.
_____/

ORDER SCHEDULING TRIAL
AND ORDER OF INSTRUCTIONS BEFORE CALENDAR CALL

This cause is set for trial during the Court's two-week trial calendar beginning on **January 17, 2023 at 9:00 a.m.** at the United States Courthouse, 400 North Miami, Avenue, Courtroom 10-2, Miami, Florida. The parties shall appear before the Court for **calendar call at 1:45 p.m. on Tuesday, January 10, 2023**. In order to allow the parties to properly prepare for trial and ensure an efficient trial schedule, it is **ORDERED AND ADJUDGED** as follows:

**By December 26, 2022, the parties shall prepare and file the following:**

    (1)    Deposition Filings and Designations

All depositions and advise of the deposition portions to be used at trial by designating the page and line of each deposition. Any objections or counter-designations and copies of all depositions to be used shall be filed by **December 30, 2022**.

**By January 2, 2023, the parties shall prepare and file the following materials:**

    (2)    Neutral Statement of Case and List of Witnesses for Venire Panel

        (A) A concise, neutral statement of the case that can be read to the venire panel prior to voir dire to apprise the panel of the subject matter involved in the case. The concise

statement shall address the positions of each party to this litigation in a succinct and neutral manner.

(B) A list of all witnesses that will be called at trial. This list shall provide the full name of the witness and succinct identifying information, such as area of residence or employment affiliation, to help the prospective jurors determine whether they recognize a potential witness.

(3) Voir Dire Questions

Any proposed voir dire questions that the parties would like the Court to ask the venire panel.

(4) Exhibit Notebooks

If the parties do not plan to use the ELMO or a laptop to publish exhibits, they shall prepare Exhibit Notebooks. The Exhibit Notebooks shall contain three divisions. The first division shall contain the parties' joint exhibits which both parties intend to use at trial; the second division shall contain Plaintiff's exhibits; and the third division shall contain Defendants' exhibits. Each division shall be clearly and adequately designated (tabbed) and each exhibit appropriately labeled. Any composite exhibits shall include page numbers for each page of the exhibit for ease of reference.

At the time of jury selection, the parties shall be required to provide at least fourteen (14) copies of the Exhibit Notebook: one for each of the eight jurors, one for the Court, one for the witness stand, one for the Court Reporter, one for the Law Clerk, and one for each of the parties. At the opening of trial, the jurors' Exhibit Notebooks shall contain all exhibits from the three divisions described above to which there are no objections. As to the remaining exhibits to which there are objections, Counsel shall have sufficient tabbed, hole-punched copies of each exhibit to give to the jurors for addition to their Notebooks in the event the exhibit is admitted into evidence.

Case No. 21-cv-22280-BLOOM/Otazo-Reyes

The Notebooks for the Court, witness stand, court reporter and parties should include all exhibits, even those to which there may be objections and an exhibit index for each of the three sections.

(5) Jury Instructions and Verdict Form

Proposed jury instructions and verdict form in Word format to chambers via e-mail, bloom@flsd.uscourts.gov. The parties shall submit their proposed jury instructions jointly, though they need not agree on each proposed instruction. Additionally, the parties are instructed to include a notetaking instruction. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein.

(6) Witness Lists and Exhibit Lists

(A) Witness Lists: Revised Witness Lists that include the estimated time for direct and cross-examination of each of the witnesses, taking into account the time necessary for translation. This list shall include each anticipated impeachment witness.

(B) Exhibit Lists: Revised exhibit lists. Prior to filing the lists, the parties shall meet and confer to resolve as many issues as possible regarding the other's exhibits. Any remaining objections shall be reflected on the exhibit list identifying the legal basis for the objection. The parties are instructed to have each exhibit objected to with them at calendar call for review and ruling.

(7) Stipulated Facts

The parties shall discuss all items not in dispute and file a list of stipulated facts.

(8)     Demonstrative and Summary Exhibits

If the parties desire to use demonstrative exhibits during trial (including photos, diagrams or time-lines and the like), each such item must be disclosed to the opposing party. No demonstrative exhibit may be displayed absent prior written agreement between the parties or, absent such agreement, prior approval by the Court.

(9)     Translators

(A) Exhibits: Exchange exhibit translations and attempt to resolve any issues regarding the translations. If the parties are unable to resolve the issues, they shall file a notice with the Court explaining the remaining issues and setting out each sides' proposed resolution to the remaining issues.

(B) At Trial: Prior to calendar call, the parties shall confer and agree on a single translator service for the trial. The parties shall split the cost of the service. The service must be federal court certified and must be able to provide a team of translators for the trial so that translators can switch every 30-40 minutes during the trial.

**At the Calendar Call:**

(10)    Computers and Other Equipment

Parties desiring to utilize laptop computers or other electronic equipment in the courtroom shall file a motion and submit a proposed order granting such use. The motion and proposed order should describe with specificity (1) the equipment, (2) the make and model of the equipment, and (3) the identity of the person who will bring the proposed equipment. A sample order permitting electronic equipment into the courtroom is available for viewing on the Court's website at: http://www.flsd.uscourts.gov. Counsel shall contact the courtroom deputy at least one week prior

to trial to discuss any special equipment (video monitor, etc.) that may require special arrangements.

(11)   Opening and Closing Statements

The parties should be prepared to tell the Court how long they each will need for their opening and closing statements.

(12)   The Rule Against Witnesses in the Courtroom

Excepting the parties or their designated corporate representative, any witness who may testify in this case is precluded from the courtroom at any time prior to their testimony. Each party shall bring to the Court's attention the appearance of any witness in the courtroom which violates this rule.

(13)   Copies to Court Reporter

The parties shall provide to the Official Court Reporter copies of: (a) the final witness and exhibit lists; and (b) a list of all names and other proper nouns material to the disposition of the case that are likely to be raised at trial.

**No later than the Friday before trial by 3 p.m.:**

(14)   Notice of Settlement

The parties must notify the Court if the parties settle this matter before trial.

**No later than ten (10) days following the conclusion of the trial:**

(15)   Exhibits Post-Trial

The parties shall electronically file all exhibits admitted into evidence in their original or, if altered during trial, in their altered state. At the close of all of the evidence, the parties shall provide an index reflecting the admitted exhibits.

Case No. 21-cv-22280-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 19, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Emre Aksoy
Mutlukent Mah 1921
Cad. No: 21
Ankara
Turkey